LUNN *v.* INDIANA LUMBERMENS MUT. INS. CO.

(*Nashville,* December Term, 1946.)

Opinion filed May 3, 1947.

FERRIS C. BAILEY, of Nashville, for plaintiff in error, Insurance Co.

RICHARD MARSHALL, of Nashville, for defendant in error, Lunn.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This case comes directly to this court from the circuit court because all the facts are stipulated.

Plaintiff in error, hereinafter called the insurer, did for a valuable consideration issue to the defendant in error, hereinafter called the insured, an insurance policy wherein the insurer "agrees to pay for direct and accidental loss of or damage to the automobile" of the insured with respect to the following coverages:

A. "Comprehensive—Loss of or damage to the Automobile, Except by Collision but including Fire, Theft and Windstorm".

There was also coverage for collision or upset with which we are not concerned in this case.

This policy under the heading "Exclusions" provided as follows:—"This policy does not apply: (d) under any of the coverages, to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this policy."

The stipulation of the parties, in so far as pertinent to the issues involved, is that the automobile in question was damaged in the following manner:

"Plaintiff was driving his automobile to Nashville on Highway 41-W. The hood of the car was so built that same raised from the front of the car and when lifted up, came back and the entire hood would swing on hinges near the windshield and when fastened down the hood was fastened by a latch at the front end of the car.

"If the plaintiff introduced proof it would be proved that the hood became unfastened by reason of the latch breaking and the hood as a result of becoming unfastened was thrown up and back against the front of the car, causing damage in the amount of $78.50.

"It is agreed that the latch had on a previous occasion been broken and had been welded. It is also agreed that the wind caused by the moving of the automobile caused the hood to be thrown up and back after the latch was broken."

The insured instituted suit on the insurance contract and insisted that he was entitled under the above quoted coverage A (comprehensive) of the policy to payment for the damages which resulted from the above stated events. The insurer insisted that the damages in question came within the above quoted Exclusion (d) of the policy, and, therefore, that it is not liable for these damages. The General Sessions Court sustained the contentions of the insurer, but the circuit court, without stating the grounds

upon which its conclusion was based, rendered a judgment in favor of the insured for the damages sustained, and the Insurance Company has appealed to this Court. The assignment of error is directed to the insistence that the damage in question comes within the exclusion clause of the policy and, therefore, the defendant is not liable under this policy for the damage done.

It must be recognized at the outset that the insurer is liable under the comprehensive clause of the contract unless the facts which occasioned the accident and its consequent damage come within this exclusion clause. This necessitates a construction of that clause. The language thereof material here is "this policy does not apply to any damage to the automobile which is due and confined to—mechanical breakdown". It is clear that the breaking of the defective latch was a mechanical breakdown.

However, the litigants disagree as to the meaning of the expression "confined to" as used in this clause and the true meaning of this expression as used in this clause is very material to the issue of whether the insurance company is liable under this contract. The insured insists that the expression is meant to "restrict the exclusion to the actual part which broke." That is, that the insurer is by this expression only relieved from payment for repair of the defective part, but continues to be obligated to pay for the damage done to any other part of the automobile by the breaking of the defective part. This exclusion clause expressly states that "this policy does not apply under any of the coverages to *any damage to the automobile* which is due and confined to", etc. (The italics are ours.) We must give the generally accepted meaning to the expression "any damage to the automobile". In doing so, we are forced to the conclusion that the expression "confined to" cannot be given this con-

struction insisted upon by the insured without doing violence to the other pointed out language of the sentence. The insurer insists that the expression "confined to" means that the exclusion "will not apply to any damage done to the car by reason of an interviewing cause", but will apply to any damage done to any part of the automobile solely by reason of the mechanical breakdown. We think this is the construction which much be placed upon the expression "confined to" as used in this contract. It is clear that the insurer was attempting to avoid liability for any damage to the automobile caused solely by mechanical defects but to remain liable for any damage thereto brought about by an intervening cause, and in order to effectively so limit the exclusion it added the expression "confined to" immediately after the words "any damage to the automobile which is due" etc. We are unable to give any other meaning to this expression consistent with the meaning of the other language of the clause in question and the risk which it is apparent the insurer was seeking to avoid.

When a claim for damages is grounded on the insurance contract, as in this case, the liability of the insurance company depends, of course, upon whether the damages sustained "were the result of a risk or hazard against which the insured was covered by the policy", rather than upon the question of proximate cause of the accident. *Colley* v. *Pearl Assurance Company,* 184 Tenn. 11, 195 S. W. (2d) 15, 16. However, as hereinabove determined, this contract excludes the insurer from liability for any damage caused solely by a mechanical defect. In order, therefore, to determine whether the insurer is liable for the damage sued for in this case, it is necessary to determine whether under the facts the mechanical defect in this case (the broken latch) was the sole proxi-

mate cause of the accident and the consequent damage. If it was the sole proximate cause, then the insurer is not liable. If it was not the sole proximate cause, then the insurance company is liable under the comprehensive clause.

The insured and insurer disagree as to whether this mechanical breakdown was the sole proximate cause of the accident and resulting damage. The insurer insists that the breaking of the latch was the sole cause of this accident and damage. On the other hand, the insured insists that "the breaking of the latch did not cause the damage, but it was the wind from the forward motion of the automobile, which catching under and throwing up and back the hood caused the damage." It is stipulated "that the wind caused by the moving of the automobile caused the hood to be thrown up and back after the latch was broken". This stipulation amounted to nothing more than the statement of the commonly known physical law that the moving of an automobile along the highway creates a resistance thereto by the air through which it, of course, moved and that this resistance increases as the speed of the automobile increases. It is clear beyond controversy that the accident would not have occurred if the latch which held down the hood had not broken. It follows, of course, that this mechanical breakdown was a proximate cause of the accident but the question remains as to whether it was the sole proximate cause.

The breaking of this latch made effective an existing physical law which otherwise was totally ineffective upon the hood of this car, but we do not think that the effect of this existing physical law was a proximate cause of this accident. It was only the breaking of the latch that made applicable the existing physical law in question. If, instead of the latch breaking, the wheel of this automobile

had suddenly rolled off the axle, that automobile in necessary obedience to the physical law of gravity would have immediately fallen violently to the surface of the highway. However, it could not be said that the law of gravity was the proximate cause of the accident. The sole cause of the accident would have been the dropping off of the wheel. So, in the instant case, the pressure against the hood of the automobile in response to a physical law as certain as the law of gravity was not a proximate cause of the hood being blown up. The breaking of the latch intended to prevent such an occurrence was the proximate cause of the hood being removed from the position in which the latch held it.

■ ■ This court has defined "proximate cause" as being "that which is a procuring, efficient, and predominant cause". *Grigsby & Co.* v. *Bratton,* 128 Tenn. 597, 603, 163 S. W. 804, 806. The procuring, efficient and predominant cause of this accident was solely the breaking of the latch. 29 American Jurisprudence, 689, 690, Section 902, defines proximate cause as "the proximate cause is the efficient cause—the one that sets others in motion—to which the loss is to be attributed, although other and incidental causes may be nearer in time to the result and operate more immediately in producing the loss". In the case of *Great Eastern Casualty Company* v. *Solinsky,* 150 Tenn. 206, 212, 263 S. W. 71, 72, 35 A. L. R. 1007, this court quoted approvingly from a California case, *Moblad* v. *Western Indemnity Co.,* 53 Cal. App. 683, 200 P. 750, viz.: "In the instant case, the damage to plaintiff's car was caused proximately by its turning over on the edge of the road. Its subsequent revolutions and consequent damage were but the operation of physical laws set in motion when it turned over on the edge of the road."

So, in the instant case the blowing up of the hood and consequent damage to this automobile was but the operation of a physical law made effective upon this automobile by the breaking of the latch, which mechanical breakdown was the sole proximate cause of the accident and its consequent damage. This being true, the damage sued for comes within the exclusion clause of the contract and the insurer is, therefore, not liable unless the final insistence of the insured is well taken.

The final insistence is that, "we believe that within the provisions of the policy upon which this suit is based the court should consider the term 'Comprehensive' would cover such damage created by the wind, especially in view of the fact that the policy expressly covers damage by windstorm." To be a "windstorm" within the meaning of an insurance policy protecting against the wind, such wind "must assume the aspect of a storm, that is an outburst of tumultuous force." 29 American Jurisprudence, page 792, Section 1052. No such wind existed in the instant case, but only "the wind caused by the moving of the automobile" existed. We have found that the sole proximate case of this damage was the mechanical breakdown, not the wind.

It results that the assignment of error must be sustained and the suit dismissed with cost.

All Justices concur.