## REPUBLIC CAS. CO. v. MAYFIELD.

### No. 15350.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 26, 1952.

Shook & Shook, of Dallas, for appellant.

Morgan & Shropshire and Robert L. Wright, all of Fort Worth, for appellee.

On Motion for Rehearing.

CULVER, Justice.

Upon further consideration, appellant's motion for rehearing is granted. The former opinion handed down at an earlier date is hereby withdrawn and the following substituted therefor.

Suit was brought in the County Court at Law by appellee, W. B. Mayfield, against appellant, Republic Casualty Company, for loss sustained by him which he claims to have been covered under the terms of a certain automobile policy issued by the appellant.

Appellee, Mayfield, was the only witness. His automobile had been in use some five or six months, and at the time of the accident he was driving on a well paved highway when the arm holding the front bumper broke, permitting the bumper to drop upon the ground. It was forced back up under the car and caused damage to the car in the sum of $224.50.

Upon a favorable verdict, judgment was entered for appellee for the full amount of damage claimed.

There having been no "collision or upset," if the policy covered the loss it must be because of the comprehensive clause shown in the policy as Coverage D, reading as follows: "Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset: To pay for any direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached * * *." Applicable to this coverage is the following provision in the policy: "This policy does not apply: * * * (j) under coverages D (and others not under con-

sideration) to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this policy."

"Comprehensive" coverage being something of a new departure from the older forms of automobile insurance, the only case we have found which bears upon the point involved is the case of Lunn v. Indiana Lumbermens Mut. Ins. Co., 184 Tenn. 584, 201 S.W.2d 978, 171 A.L.R. 259, which case strongly supports appellant's contention and theory. It is to be observed, however, that that case was tried on an agreed statement of facts and involved, more than anything else, the interpretation of the phrase, "confined to."

■ The jury found, in answer to special issues, that the bumper arm did not break as the result of wear and tear nor as the result of mechanical breakdown or failure. No testimony, expert or otherwise, was introduced in evidence which accounted in any way for the break. It is admitted that appellant is liable for this loss unless the break was the result of wear and tear or mechanical failure but the burden of proof to negative this fact is upon appellee, Mayfield. T.R.C.P. Rule 94; Sublett v. American National Insurance Co., Tex.Civ.App., 230 S.W.2d 601.

The broken arm was not introduced in evidence. According to the plaintiff, this part was made of steel, about an inch or inch and a quarter wide and three-eighths or a quarter of an inch thick. The break occurred at the hole where it was bolted to the frame. No rust was apparent and it appeared to be a fresh break. So far as the appellee knew, the arm had previously sustained no blow of any kind.

■ We conclude that this testimony fails to meet the burden imposed upon appellee and raises no more than a surmise or speculation that at some time or other the break was caused by a blow or bump rather than by some mechanical failure in the part itself. Kenyon v. Bender, Tex.Civ.App., 174 S.W.2d 110, error refused; National Aid Life Ass'n v. Driskill, Tex.Civ.App., 138 S.W.2d 238; Cole v. Missouri-Kansas-

Texas R. Co. of Texas, Tex.Civ.App., 179 S.W.2d 343. In our opinion, the court should have given an instructed verdict at the close of the testimony in favor of the appellant. The case is therefore reversed and rendered that the plaintiff (appellee) take nothing.