**Michael J. LOPEZ, Plaintiff,**

v.

**UNITED STATES FIDELITY & GUARANTY CO., Defendant.**

No. 7659.

District Court, Alaska
Fourth Division, Fairbanks.
July 15, 1955.

Taylor, Miller & Taylor, Fairbanks, Alaska, for plaintiff.

Collins & Clasby, Fairbanks, Alaska, for defendant.

**60**

HODGE, District Judge.

The plaintiff seeks to recover for loss of an automobile owned by him, due to upset, under the terms and conditions of "Automobile Liability and Physical Damage Policy" issued by the defendant insurer. The particular coverage of the policy applicable to this controversy provides as follows:

"Coverage E—Collision or Upset —To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

Defendant filed an answer containing four defenses; the First Defense alleges that the complaint fails to state a claim against the defendant in that it fails to allege that the loss claimed was "for direct and accidental loss of or damage to the automobile" of the plaintiff; the Second Defense is in the nature of a general denial; the Third Defense alleges that "the loss, if any, to the vehicle of plaintiff was not accidental, so as to require payment therefore by defendant under its policy; but was in fact intentional on part of plaintiff"; a Fourth Defense related only to proof of loss submitted by plaintiff.

During the course of trial to the Court without a jury, defendant's counsel elicited from the plaintiff upon cross-examination evidence tending to show that the accident was caused by the breaking of a radius rod, causing the vehicle to fail to steer, by reason of which it ran over a steep embankment and overturned; and that such mechanical failure or breakdown was the "sole proximate cause" of the accident. At the close of the plaintiff's evidence defendant's counsel moved for judgment of dismissal by reason of a clause in the policy excluding liability of the insurer for any damage to the automobile due and confined to

mechanical breakdown or failure, under the authority of Lunn v. Indiana Lumbermen's Mutual Insurance Co., 184 Tenn. 584, 201 S.W.2d 978, 171 A.L.R. 259; also Annotation 171 A.L.R. 264 and Terrien v. Pawtucket Mutual Fire Insurance Co., 96 N.H. 182, 71 A.2d 742. The exclusion clause relied upon provides as follows:

"This policy does not apply:

"(j) under coverages D, E, F, G, H, I and J, to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this policy."

This defense had not been specifically pleaded by the defendant unless covered by the first and third defenses above mentioned; nor was any attempt made to amend the answer to conform to such proof. The defense rested its case with such motion.

The plaintiff objected to any consideration being given to such defense upon the grounds that it had not been pleaded, claiming surprise; and now raises such point under the provisions of Rules 8(c) and 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., the pertinent parts of which are as follows:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * any other matter constituting an avoidance or affirmative defense."

"Every defense in law or fact to a claim for relief in any pleading whether a claim, counter-claim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto, if one is required".

Rules 8(b), 8(e) and 12(h) appear also pertinent, which provide that:

"A party shall state in short and plain terms his defenses to each claim asserted * * *."

"Each averment of a pleading shall be simple, concise, and direct. * * * "

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * " (with exceptions not applicable here).

These rules require that defenses to a claim, as well as a claim for relief, shall be stated in short and plain terms, and each averment shall be simple, concise and direct, although no technical forms are required; and that any matter constituting an avoidance or affirmative defense must be affirmatively pleaded. The purpose of such rules is to prevent surprise. Failure to plead an affirmative defense results in the waiver of that defense and it is excluded as an issue in the case. It is true that if evidence relating to affirmative defense is introduced without objection and the opposite party is not surprised and has ample opportunity to meet the issue, the defense may be permitted even though it has not been pleaded; but such was not the case here. Rule 8(f) requires that all pleadings be so construed as to do substantial justice; and the courts will construe a pleading to give effect to all averments if such construction is reasonable; however, such liberal construction does not permit the pleader to unreasonably catch an unwary litigant; and such liberality of construction must be circumscribed by the plain requirements of the rules. The purpose of an answer is to formulate issues by means of defenses addressed to the allegations of the complaint. Barron and Holtzoff, Fed. Prac. & Proc., Secs. 277, 279, 283, 344, 347, 370. Bernard v. U. S. Aircoach, D.C., 117 F. Supp. 134.

The question of exclusion is a matter of affirmative defense and should be so pleaded. Especially in point is a decision of the Supreme Court of Connecticut in the case of Fogarty v. Fidelity & Casualty Company, 120 Conn. 296, 180 A. 458, 459, wherein the Court states as follows:

"The complaint alleged that the truck was insured against loss or damage arising out of accidental collision or upset 'however caused'; that the truck was badly damaged as a result of collision or upset; and that although the plaintiff had made proper demand upon the defendant, it had refused to pay him anything. The defendant admitted that the truck was insured against loss or damage arising out of accidental collision or upset; that it had not paid the plaintiff anything, but it denied that it was liable for collision or upset 'however caused'; that the truck had been damaged by collision or upset; and that proper demand had been made upon it. If the defendant intended to claim that the loss was within the provision excluding damage by fire, it should have specially pleaded to that effect (Lounsbury v. Protection Ins. Co., 8 Conn. 459, 466, 21 Am.Dec. 686; 6 Cooley, Briefs on Insurance [2d Ed.] p. 5003); it did not do so and, a claim having been made to the trial court that thereby it was precluded from taking advantage of the limitation contained in that clause, the effect of the clause may be eliminated from our consideration."

The defendant also relies upon Parker v. Niagara Fire Insurance Co., 30 N.J. Super. 585, 105 A.2d 677, in which it is held that the primary burden rests with the plaintiff to establish that loss was caused by a risk covered by the policy; but we think that such burden was met in this case and that this rule is not intended to apply to matters of affirmative defense.

The affirmative defenses pleaded by the defendant did not raise the issue of the exclusion clause in any concise or direct manner, or at all. I am of the opinion that the defendant having failed to plead such issue or to rely upon it until

the close of the trial waived such defense, and that such may not now be considered by the Court. The motion for dismissal must therefore be denied.

There was evidence tending to show a suspicion in support of the defendant's original contention that the damage was intentional and not accidental; but there was not sufficient proof of such defense; in fact such defense was abandoned by defendant.

Plaintiff, having otherwise proved his claim to the satisfaction of the Court, is entitled to recover from the defendant in the sum of $1,550 upon his first cause of action, together with costs and attorney's fee in accordance with Rule 45 of the Rules of the District Court for this District. The Court has previously sustained a motion to dismiss plaintiff's second cause of action and no recovery may be had upon such.

Judgment may be presented accordingly.