### FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA, Appellant,

v.

### Trux STANSBURY, Appellee.

#### No. 15709.

Court of Civil Appeals of Texas.

Fort Worth.

May 11, 1956.

Rehearing Denied June 8, 1956.

Cantey, Hanger, Johnson, Scarborough, & Gooch, and David O. Belew, Jr., Fort Worth, for appellant.

H. Langdon Reaves, Fort Worth, for appellee.

MASSEY, Chief Justice.

Quare: Where a policyholder's standard form automobile insurance policy is for "comprehensive" coverage on a trailer, and during a period in which it is being moved from place to place a trailer wheel comes off its axle solely as the result of mechanical breakdown or failure, and the wheel and trailer come together so that the wheel enters the trailer, damaging

the same and its interior, is the insurance company liable for the policyholder's loss?

Answer: No.

The provisions relative to "comprehensive" automobile insurance currently in use and approved by the Insurance Commission (see Art. 5.06, Insurance Code, V.A.C.S.) bind the companies contracting with policyholders "To pay for any direct and accidental loss of or damage to the automobile, * * * except loss caused by collision * * with another object * * *." An "exclusion" to such provision (also applicable to "collision" coverage) provides that the policy does not purport to cover "any damage * * * due and confined to * * * mechanical * * * breakdown or failure, unless such damage is the result of other loss covered by this policy; * * *."

 In view of the weight of authority upon the question posed, we are of the opinion that where no peril insured against has come into play causing or contributing to cause the breakdown or failure which in turn causes or contributes to a resultant loss;—or where the breakdown or failure is not followed or accompanied by the coming into play of a peril insured against which in turn causes or contributes to a resultant loss;—the loss and damage resulting from the breakdown or failure is not covered by the policy.

This is true despite the provision in the "exclusion" that the only damage excluded is that "due and confined" to mechanical breakdown or failure. In an authoritative holding, already once followed by this court, it was held in effect that no protection was afforded under "comprehensive" coverage where the chain of events resulting in loss stemmed solely from a mechanical failure or breakdown. By reason of the action of an intervening cause not insured against (in such case the natural force of the wind under an automobile hood when the vehicle was in motion), the loss and damage was occasioned. Since the proximate cause of the loss was the mechanical failure or breakdown, same not being caused by any hazard insured against, the loss was held without the scope of insurance afforded by the policy. In such case the question of "due and confined" was resolved against the contention that damage due to mechanical failure and not confined to the part or parts so failing should be considered as covered. Lunn v. Indiana Lumbermens Mut. Ins. Co., 1947, 184 Tenn. 584, 201 S. W.2d 978, 171 A.L.R. 259, cited in Republic Cas. Co. v. Mayfield, Tex.Civ.App. Fort Worth, 1952, 251 S.W.2d 764.

See also Blashfield's Cyc Auto Law, Secs. 3691–3695; 5 Am.Jur., "Automobiles", sec. 510.5 (new text in p. p.) "Comprehensive Policies", analyzing the case of Lunn v. Indiana Lumbermens Mut. Ins. Co., supra; Annotation in 23 A.L.R.2d 389; Boenzle v. United States Fidelity & Guaranty Co., Mo.App., St. Louis, 1953, 258 S.W.2d 938; Terrien v. Pawtucket Mut. Fire Ins. Co., 1950, 96 N.H. 182, 71 A.2d 742; United States Ins. Co. of Waco v. Boyer, 1954, 153 Tex. 415, 269 S.W.2d 340; Farmers Insurance Exchange v. Wallace, Tex.Civ.App. Fort Worth, 1955, 275 S.W.2d 864, writ ref., n. r. e.; Home Service Casualty Insurance Company v. Barry, Tex.Civ.App. Waco 1955, 277 S.W. 2d 280, writ ref., n. r. e.

In the instant case it is apparent that no peril insured against played a part in the mechanical failure which permitted the trailer wheel to "spin free" of the axle. It is also apparent that the collision of the wheel and the trailer and contents was not insured against. In view thereof, and since we are not disposed to contradict prior authority's construction of the term "due and confined" as used in the "exclusion" of the standard form automobile policy, we hold that the trial court erred in rendering judgment for the policyholder against the Company.

Judgment is reversed and rendered.