GENERAL AMERICAN TRANSPORTATION CORP., Plaintiff-Appellee,

v.

SUN INSURANCE OFFICE, LTD., Defendant-Appellant.

No. 16614.

United States Court of Appeals
Sixth Circuit.

Dec. 13, 1966.

John M. Aherne, New York City (Spears, Moore, Rebman & Williams, Chattanooga, Tenn., on the brief), for appellant. Bigham, Englar, Jones & Houston, New York City, Donald F. Connors, Julian S. Gravely, Jr., New York City, Alvin O. Moore, Chattanooga, Tenn., of counsel.

James M. Goff, Chicago, Ill. (Boult, Hunt, Cummings & Conners, Nashville, Tenn., Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., on the brief), for appellee. Joseph G. Cummings, Port Huron, Mich., Bernard J. Nussbaum, Errol L. Stone, Chicago, Ill., of counsel.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment under an all risk policy of property insurance. The litigation grew out of a construction project at the Arnold Engineering Development Center, a federally owned establishment at Tullahoma, Coffee County, Tennessee. Jurisdiction being based upon diversity of citizenship, Tennesse law is controlling.

The project involved the erection of a unique structure, an underground silo, as a part of a propulsion engine altitude test facility. During the time that fresh concrete was being poured to erect the cap of the structure, a temporary shoring platform collapsed under the weight of the concrete. The entire temporary steel falsework and all the fresh concrete fell some 250 feet to the bottom of the silo, bringing death to four workmen and causing vast property damage.

District Judge Charles G. Neese, sitting without a jury, rendered judgment against the insurance carrier for property damage in favor of appellee, a subcontractor on the project. Reference is made to the opinion of the district judge,

239 F.Supp. 844 (E.D.Tenn.), for a more complete statement of facts.

▉ After hearing extensive evidence, the district judge found that the damages resulted from a combination or concurrence of proximate causes, including negligent welding by appellee's workmen "in prefabrication of the highly-stressed top flange of the insert at a truss, designated as truss #3, which apparently failed and permitted an increased deflection of that truss, which in turn resulted in local or general buckling of the bottom chord involved and a transfer of the resulting overloading to adjacent trusses; that, thereupon, the entire falsework system failed almost simultaneously." 239 F.Supp. at 845.

This finding of fact, which is supported by substantial evidence, is not "clearly'erroneous," and therefore will not be set aside by this court on appeal. Rule 52(a), Fed.R.Civ.P.

The insurance policy insured appellee against "all risks of physical loss of or damage to * * * property from any cause * * * except as hereinafter excluded." Expressly excluded was "loss or damage due to * * * inherent vice [or] latent defect. * * *"

Appellant contends: (a) that the damage was the direct result of faulty design and that collapse was inevitable; that "no risk was involved, but rather, a certainty;" and that the collapse was not a risk within the coverage of the policy; (b) that the collapse of the structure resulted from an "inherent vice" or a "latent defect," and was excluded from coverage under the express terms of the policy; and (c) that in any event the defective welding occurred during fabrication at appellee's plant in Birmingham, Alabama, and therefore is excluded from coverage as "property while on any premises occupied by the Assured * * * for manufacturing purposes. * * *"

▉ We agree with the district judge that property damage resulting from negligence in welding was an insured "risk" under the general coverage of the policy and therefore is compensable unless expressly eliminated by the exclusion provisions.

▉ For the reasons stated in the opinion of the district judge, we further agree that the defective welding was not an "inherent vice" or a "latent defect" within the meaning of the policy. There is evidence in the record to support the finding of fact of the district court that this defect could have been discovered with proper inspection, such as radiography.

▉ We reject appellant's contention that damages resulting from the defective welding were excluded from coverage because the negligence in welding occurred at appellee's plant in Birmingham, Alabama, before the materials for the structure were moved to the site of the project in Tennessee. The damage occurred at Tullahoma, not Birmingham. The policy covers property damage at the job site and does not exclude damage resulting from negligence which occurred off the job site. We reemphasize that the policy insured against "all risks" from physical loss or damage to property at the job site where the collapse occurred from "any cause," unless expressly excluded.

▉ We hold that the district court was correct in applying the rule that "where a policy expressly insures against direct loss and damage by one element but excludes loss or damage caused by another element, the coverage extends to the loss even though the excluded element is a contributory cause." Fireman's Fund Ins. Co. v. Hanley, 252 F.2d 780, 785 (C.A.6); cf. Lunn v. Indiana Lumbermens Mutual Ins. Co., 184 Tenn. 584, 201 S.W.2d 978, 171 A.L.R. 259; Maness v. Life & Casualty Ins. Co., 161 Tenn. 41, 28 S.W.2d 339; Hattley v. Lumberman's Mutual Casualty Co., 53 Tenn.App. 368, 383 S.W.2d 764.

Affirmed.