[Civ. No. 17416. Third Dist. Nov. 22, 1978.]

CHARLES COBB, Plaintiff and Appellant, v.
HOME AND AUTOMOBILE INSURANCE COMPANY,
Defendant and Respondent.

COUNSEL

Neil D. Reid and Peter Axelrod for Plaintiff and Appellant.

Memering, De Mers & Ford and Claudia Robinson for Defendant and Respondent.

OPINION

**REYNOSO, J.**—We review the trial court's determination that, under the facts of this case, the "due and confined to" mechanical failure clause excluded from coverage plaintiff's damage to his helicopter engine. We affirm the judgment.

1. *Stipulated facts*

On June 8, 1975, plaintiff was the owner of a 1967 Hiller Helicopter Model FH-1100. On that date there was in full force and effect a policy of

insurance issued to plaintiff by defendant providing insurance coverage for liability and hull damage. While in flight the helicopter's Allison 250-C18B turbine engine failed, causing the helicopter to crash and sustain major property damage.

Plaintiff filed a timely claim for payment under his insurance policy and defendant agreed to pay for all damage except that done to the engine of the helicopter. Defendant paid to plaintiff the sum of $19,569.23 for undisputed hull damage.

The disagreement between the parties arose over the liability of the defendant for damage to the engine of the helicopter. Investigation determined that for reasons unknown the sixth stage compressor of the engine failed, and a sheared off blade traveled through the rest of the engine causing damage and engine failure. The policy in effect at the time of the accident had an exclusion clause providing that the company was not liable for "[D]amage to aircraft insured hereunder due to and confined to wear and tear, deterioration, freezing, or mechanical, structural or electrical breakdown or failure unless such damage is the result of other loss covered by this policy." Defendant contends that the damage to the engine caused by the compressor blade traveling through the engine was due and confined to mechanical failure. Plaintiff, on the other hand, contends that due to the modular construction of the engine the damage to the components of the engine other than the compressor are not confined to mechanical failure.

The parties stipulated that if a qualified expert were called to testify he would testify as follows:

"The Allison 250 C-18 is a turbo-shaft engine which operates by compressing incoming air, mixing it with fuel, igniting the mixture and using the resultant hot gas to turn turbine wheels which are connected to the compressor and the power output shaft. The power output shaft connects to a gear reduction unit which in turn powers the main and tail rotor blades of the helicopter. These functions are performed by four independent modules each of which may be replaced, serviced or modified individually without the need of removing or disassembling the others. . . . [¶] The 6th stage consists of several turbine blades attached to the compressor rotor which rotate at high speed (like a fan) to compress the air being fed to the combustion chamber. In the accident one of the blades separated and traveled backwards through the accessory gear box section, the turbine section, and the combustion section causing major

damage to these modules resulting in a power failure and ultimate crash of the helicopter."

The trial court found that "An Allison turbo-prop engine is a complex, highly refined power system, comprised of numerous components, parts and units thereof, each working in relation to all others. A major failure of any one portion must of necessity result in damage and malfunction of related and associated parts. Such consequent damage is the natural, proximate and foreseeable result of the original failure." The court further found "[T]hat the engine in question is in fact one integral unit. The modular design of the Allison 250 engine does not alter the fact that the engine, for the purposes now before the court, is a single unit." Based upon these findings the court concluded that the mechanical failure involved was a mechanical failure of the engine, and not merely of the compressor blade, and thus the damage to the engine was excluded from coverage under the policy.

*2. Coverage does not exist under the "due and confined to" clause.*

The parties agree that the lawsuit is governed by the exclusion clause V(A) of the insurance policy. The relevant words of that clause are "due to and confined to" mechanical failure. Plaintiff contends that the clause is ambiguous and that he could have reasonably believed that the damage he sustained was covered by the policy. Under California's rule of liberal interpretation of insurance contracts in favor of the insured, plaintiff contends that he is entitled to recover. Plaintiff's theory is that the mechanical failure related only to the compressor blade which separated, and that the damage to the engine caused by the blade traveling through the engine was not "confined to" mechanical failure. The parties agree that the damage was "due to" mechanical failure and that plaintiff is not entitled to recover for the damage to the compressor unit.

Defendant submits, and plaintiff concurs, that there are no relevant California cases construing the clause in question. Defendant points to several out-of-state decisions in which the courts have refused to find in favor of the insured under circumstances similar to the present facts.

The leading out-of-state case involving a "due and confined to" clause is *Lunn v. Indiana Lumbermens Mut. Ins. Co.* (1947) 184 Tenn. 584 [201 S.W.2d 978, 171 A.L.R. 259]. In *Lunn*, while the plaintiff was driving his car the latch which held the hood down broke and the hood blew up into the front of the car causing damage. Plaintiff contended that the resulting

damage was not confined to mechanical failure, while the company contended that the damage was excluded. The court held that the exclusion applied to any damage done to any part of the automobile solely by reason of the mechanical breakdown, but would not apply to damage brought about by an intervening cause. Under the court's interpretation the damage done by reason of the hood raising up was not covered by the policy. (201 S.W.2d at 981.) Defendant cites several other out-of-state cases which agree with the holding of *Lunn.* (See *Farmers Mutual Hail Insurance Co. of Iowa* v. *Stansbury* (1956 Ct. Civ.App.Tex.) 291 S.W.2d 347; *Republic Cas. Co.* v. *Mayfield* (1952 Ct. Civ.App.Tex.) 251 S.W.2d 764; *Firemans Fund Ins. Co.* v. *Cramer* (1965 Sup. Ct. Fla.) 178 So.2d 581; *Roberts* v. *State Farm Mut. Automobile Ins. Co.* (1947 Kan. Cty. Ct. of App.) 203 S.W.2d 508.)

Not all of the out-of-state cases have agreed with the *Lunn* court. In *Home Service Casualty Insurance Co.* v. *Barry* (1955 Tex. Ct. of Civ. Ap.) 277 S.W.2d 280, a plaintiff was driving his truck when the back wheels fell off causing the truck bed to be dragged along the road. The company contended that the damage was due and confined to mechanical failure. The court held that the issue was a question of fact and that on the record the trial court could have properly found in the plaintiff's favor. Although the damage was due to mechanical failure, the speed and weight of the truck caused it to upset, and the upset intervened in causing the damage. (*Id.,* at 284-285.) In *Bezue* v. *Hartford Acc. & Indem. Co., Hartford, Conn.* (1969 La.) 224 So.2d 76, a fire started in the wiring in the plaintiff's car, and spread to the engine destroying the carburetor. The company refused to pay for the damage, contending that the loss was due and confined to electrical damage which was excluded under the policy. The court held that the damage was due to but not confined to electrical damage, and thus coverage was not excluded.

The law of interpretation of insurance contracts in California is settled. ■ Policies are to be construed liberally in favor of the insured and most strongly against the insurer. (*Culley* v. *New York Life Ins. Co.* (1945) 27 Cal.2d 187, 194 [163 P.2d 698]; *Burkett* v. *Continental Cas. Co.* (1969) 271 Cal.App.2d 360, 362 [76 Cal.Rptr. 476].) Any ambiguity or uncertainty in the policy is to be resolved against the insurer. (*Paramount Properties Co.* v. *Transamerica Title Ins. Co.* (1970) 1 Cal.3d 562, 569 [83 Cal.Rptr. 394, 463 P.2d 746].) This rule applies equally when considering exclusions from the general coverage terms of the policy. (*Hays* v. *Pacific Indem. Group* (1970) 8 Cal.App.3d 158, 165-166 [86 Cal.Rptr. 815].) ■ If an insurer would create an exception to the general import

of principal coverage clauses, the burden rests with him to phrase that exception in clear and unmistakable language. (*Great American Ins. Co. v. Globe Indem. Co.* (1970) 8 Cal.App.3d 938, 947 [87 Cal.Rptr. 653].) While uncertainties and ambiguities are to be construed against the insurer, this does not mean that courts are authorized to put a strained and unnatural construction on terms of the policy in order to create an uncertainty or ambiguity. (*Nelson* v. *United States Fire Ins. Co.* (1968) 259 Cal.App.2d 248, 251-252 [66 Cal.Rptr. 115].)

When we interpret the clause in question liberally in favor of the insured and most strongly against the insurer, as we must, we must reject the *Lunn* court's interpretation. That interpretation essentially permits a company to escape liability whenever the damage is *solely due* to mechanical failure, regardless of whether the damage is *confined to* mechanical failure. That interpretation is unreasonable in light of our duty to construe the clause most strongly against the insurer. Had the insurer intended such results, it could easily have so provided. ■ In our view, the clause means that the insurer will not be liable for damage caused by mechanical failure, but that the exclusion of liability is confined to the mechanical failure. We note that this is the interpretation given the clause by defendant when it paid for the damage to the hull due to the mechanical failure of the engine in flight, without attempting to avoid liability on a theory that the damage was due solely to mechanical failure.

■ The question of whether the damage to the engine other than that to the compressor was due to and confined to mechanical failure was a question of fact for the trial court to determine. ■ The trial court specifically held that the engine was a single unit, and that the damage to the engine was due and confined to mechanical failure of the engine. We must determine whether the evidence supports that finding.

■ It is settled that an appellate court will not interfere with a trial court's findings of fact where the findings are supported by substantial evidence. (*Stevens* v. *Parke, Davis & Co.* (1973) 9 Cal.3d 51, 64 [107 Cal.Rptr. 45, 507 P.2d 653].) ■ The evidence introduced at trial supports the trial court's conclusion that the damage to the engine came within the policy exclusion. The Allison 250 turbo-prop engine is an integrated unit, each part working in relation to and with the others. From this evidence, and from the diagrams introduced at trial, the court could conclude, as it did, that a failure of one component of the engine would necessarily result in a failure of other components. The trial court

could properly consider the engine to be a unit subject to the exclusion, rather than individually considering each component of the engine. The court concluded that the mechanical failure was a mechanical failure of the engine, and not merely of the compressor blade. The evidence supports such a finding.

The judgment is affirmed.

Puglia, P. J., and Paras, J., concurred.