James F. McCULLEY,
Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant-Respondent.

No. 47120.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 21, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1984.

Application to Transfer Denied
May 15, 1984.

Russell F. Watters, St. Louis, for plaintiff-appellant.

Eric Marvin Martin, St. Louis, for defendant-respondent.

KAROHL, Presiding Judge.

Plaintiff James F. McCulley appeals from a judgment notwithstanding the verdict entered after the jury awarded him $9339.76 on an insurance claim against defendant State Farm Mutual Automobile Insurance Company. We reverse.

Plaintiff purchased insurance coverage for his 1975 GMC dump truck from defendant. On August 13, 1979, while covered by the policy, the truck collided with a metal post. Within minutes and in the same locality the frame of the truck collapsed. Plaintiff, unable to obtain payment from the insurer for damages allegedly caused by the collision, filed this action.

Defendant's motion for a directed verdict at the close of the evidence was denied, and the jury returned a verdict for plaintiff. Defendant contended that plaintiff failed to prove that the damage to his truck was caused by the collision, and on this basis the trial court granted defendant a judgment n.o.v.

■■■ In reviewing a trial court's entry of a judgment n.o.v., we consider the evidence and reasonable inferences favorable to the jury verdict and disregard contrary evidence that does not support the verdict. *Grant Renne & Sons, Inc. v. J.E. Dunn Construction Co.*, 633 S.W.2d 166, 168 (Mo.App.1982). A defendant's motion for a judgment n.o.v. should only be granted where the plaintiff failed to make a submissible case. *Dockery v. Mannisi*, 636 S.W.2d 372, 376 (Mo.App.1982). "[A] verdict will stand upon facts even though circumstantial in part from which a jury could, by reason or inferring, reach its conclusion." *Esmar v. Zurich Insurance Co.*, 485 S.W.2d 417, 421 (Mo.1972).

Defendant conceded plaintiff's truck was covered by the policy when the collision occurred and that plaintiff complied with the claim procedures; thus plaintiff was only required to prove by substantial evidence "loss through or on account of the cause insured against ..." *Grossman Iron & Steel Co. v. Bituminous Casualty Corp.*, 558 S.W.2d 255, 259 (Mo.App.1977).

The relevant terms of the insurance contract are as follows:

"We will pay for *loss* to *your* [*vehicle*] ... caused by *collision* ..."

"*Loss* -means ... each direct and accidental loss of or damage to *your* [*vehicle*] ..."

"*Collision* -means *your* [*vehicle*] upset or hit or was hit by a vehicle or other object."

"THERE IS NO COVERAGE FOR: ... *LOSS* TO ANY VEHICLE DUE TO: ... AND LIMITED TO WEAR AND TEAR, FREEZING, MECHANICAL BREAKDOWN OR FAILURE." (emphasis in original)

■■■ Plaintiff had the burden of establishing the proximate cause of the loss to determine whether it "was sustained as a result of an insured peril." *Welch v. Western Casualty and Surety Co.*, 567 S.W.2d 743, 746 (Mo.App.1978). He relied upon his own testimony and the testimony of the individual who drove the truck from the time plaintiff purchased it. There was no expert testimony.

Plaintiff purchased the truck new in 1975. The manufacturer, GMC, advertised the truck to have a thirty-ton load capacity, but plaintiff's driver restricted his loads to a twenty-two-ton maximum. When the truck was about two-years-old "fish plates" were welded on both sides of it to straighten or support the frame because the frame had developed a small crack when the truck was driven over a ditch.

On August 13, 1979, after successfully hauling two loads of rock, the driver returned to the quarry for another load. While loading, he noticed the ten tons of rock were unevenly distributed in the bed of the truck. The driver stopped loading, began backing the truck away from the rock bin to reposition it, and backed into a metal beam or post, hitting the tailgate of the truck. The collision may have dented the tailgate "a little bit", but, according to the driver, "that tailgate you don't hit it that bad like hitting something like that." The driver then straightened up the truck, backed it up, and "put a little more rock in

it on the other side." As he left the loading area, apparently there were objects in the way, and the driver testified that he "had to kind of duck and ... had to pull it in and back it up again and go around and put it back up, hit the brakes. The truck just fell in." A photograph in evidence shows a vertical fracture in the truck's frame just under the back of the cab and in front of the bed. The truck moved less than thirty feet from the time of the collision until it collapsed. There was no evidence as to the speed of the vehicle at any time.

Plaintiff-owner, sitting in another truck, saw the event from about one hundred feet away. He testified that the truck hit the beam "pretty hard". Soon after the collision plaintiff saw the hood "kind of [go] up", and he ran toward the truck. By the time he got to the truck "the whole thing had collapsed down. The frame had broke just right in half."

In addition to the description of the event, plaintiff offered the following testimony in support of his case:

Q. Have you had any experience at all as to what happens to a dump truck when it hits a stopped object and it has a load on it?

A. Yes.

Q. What happens in your experience?

A. Well it's just like a head-on collision in a car.

Q. Causing a lot of tension on that truck?

A. That's right.

■ Evidence that the collision with the post might have caused the damage is insufficient. There must be substantial evidence sufficient to remove the issue from the field of conjecture. *Zeigenbein v. Thornsberry*, 401 S.W.2d 389, 393 (Mo. 1966).

Plaintiff's evidence supported a finding that the truck had a previously weakened frame from an occurrence two years earlier; that it had successfully hauled a similar load twice on the eventful day; that the truck collided with the post; that at the same location about two minutes later, without any significant event occurring, the truck collapsed. The truck hit the post "pretty hard", jolting the driver, shaking him up, and causing him some soreness.

■ Although unlike *Welch v. Western Casualty and Surety Co.*, 567 S.W.2d at 744, cited by plaintiff, the truck here did not immediately collapse at the spot of the collision, it was driven less than thirty feet before the collapse. Considering the undisputed collision, the close proximity of time and place, and the absence of evidence of any other condition or occurrence that might have caused the collapse, the jury had a sufficient basis for finding the collision caused the loss. Our Supreme Court in *Esmar v. Zurich Insurance Co.*, 485 S.W.2d at 421–22, considered similar factors and concluded the plaintiff had made a submissible case on causation. *See also Terrien v. Pawtucket Mutual Fire Insurance Co.*, 96 N.H. 182, 71 A.2d 742 (1950).

We reverse and remand with directions that the trial court reinstate the verdict and enter judgment accordingly.

REINHARD and CRANDALL, JJ., concur.