Carlton RIDLEY, Sr. and Julia Ridley, Appellants,

v.

Frank NEWSOME and Janice Newsome, Respondents.

No. WD 39553.

Missouri Court of Appeals, Western District.

July 26, 1988.

James W. Tippin, Kansas City, for appellants.

Keith Koeningsdorf, Kansas City, for respondents.

Before KENNEDY, C.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Carlton and Julia Ridley appeal from a jury verdict in favor of respondents, Frank and Janice Newsome, in a breach of contract action. Specifically, appellants contend that the trial court erred in: (1) overruling their motion for a directed verdict on respondents' counterclaim for breach of contract; (2) overruling their objections to jury instructions No. 8 and No. 12; (3) overruling their motion for a directed verdict on respondents' affirmative defense of constructive eviction; and (4) overruling their motion for judgment notwithstanding the verdict. Affirmed.

On November 1, 1982, the Ridleys, appellant-lessors, and the Newsomes, respondent-lessees, executed a restaurant lease for the real property known as 6015 Troost for the period beginning November 1, 1982, through October 30, 1985. A $10,000 security deposit was given to the appellants by the respondents in accordance with the terms of the lease. Respondents then took possession of the property, operating a restaurant and lounge on the site until May, 1984, when they vacated the premises. The rent had been paid through April, 1984.

During the respondents' occupancy of the premises they experienced recurring problems with the roof. It leaked, causing interference with the business. Although respondents complained numerous times about the leak, appellants were never able to repair it properly despite their repeated efforts. A field supervisor for the Health Department of the City of Kansas City, Missouri inspected the premises in January, 1984. He noted numerous leaks in the ceiling and recommended that it would be unsafe to prepare or serve any food in the kitchen. He also advised Mr. Newsome that he had to notify his supervisor to get a closure order.

Appellants and respondents met in May, 1984, to discuss the situation. At the meeting the respondents informed the appellants that they were leaving the restaurant. Prior to, and at the meeting, the roof's condition was brought up as a reason for the respondents leaving. Appellants testified that respondents had mentioned as a reason for leaving the fact that they had run out of money and could not replace some equipment stolen after several break-ins. After respondents vacated the premises, the appellants opened their own lounge in September, 1984.

On March 7, 1985, the appellants filed suit for breach of contract. Respondents counterclaimed alleging a breach of contract in the breach of the covenant of quiet enjoyment and in their eviction. Trial on the matter began March 3, 1987. A verdict in favor of respondents on the appellants' breach of contract claim and on their coun-

terclaim with damages assessed at $8,000 was returned on March 5, 1987. This appeal followed.

As a preliminary matter, respondents' contention that the court lacks jurisdiction in this matter must be dealt with. Respondents contend that the appellants have appealed from the trial court's order of June 15, 1987, denying the after-trial motion for a new trial or in the alternative motion for judgment notwithstanding the verdict. It is certainly true that a notice of appeal which seeks review on the basis of an after judgment motion is ineffectual to bring the issue before an appellate court. *Pittman v. Reynolds*, 679 S.W.2d 892, 893 (Mo.App.1984). Indeed, the notice of appeal in the instant case indicates that the appeal was taken from the trial court's order overruling a post-trial motion. However, where the violation of Rule 81.08(a) has not resulted in a dismissal of the appeal and where appellant has made an effort in good faith to present cognizable issues, discernable from the briefs and record, this inadequacy has frequently been excused. In the instant case although the notice of appeal is clearly inadequate, the brief does outline cognizable issues and thus, jurisdiction is proper. Thus, the doctrine of leniency applies, and an examination of the issues will be made as if the appeal was properly taken from the final judgment. *See Rauh v. Interco, Inc.*, 702 S.W.2d 497 (Mo.App.1985); *Mullen v. Renner*, 685 S.W.2d 212 (Mo.App.1984).

Appellants first contend that the trial court erred in overruling their motion for a directed verdict on respondents' counterclaim. They claim that the trial court should have ruled as a matter of law that the respondents were not entitled to recover their security deposit because paragraph 5 of the restaurant lease is clear and not ambiguous regarding the conditions of a refund and thus, the issue should not have gone to the jury.

The review for denial of directed verdict is a question of law, examined by viewing the evidence in the light most favorable to the non-moving party in order to determine whether a submissible case has been made.

*Fricke v. Valley Production Credit Ass'n*, 721 S.W.2d 747, 752 (Mo.App.1986). Using this guideline it is evident that a submissible case has been made.

Respondents' counterclaim alleges that the appellants had a duty to repair the roof and that they failed in that duty, directly resulting in damage to the respondents. Appellants refute this, claiming they had no duty to repair. The contract itself reveals an ambiguity on this point. The provisions of the contract dealing with repair are set out as follows:

8. *Care of Premises.* The Lessee agrees to keep the premises in good repair and reasonably clean at his expense, to maintain in good repair all equipment leased to him and to return the same to the Lessor in reasonably good condition, repairing or replacing all broken or missing articles. The Lessor shall have the right to inspect the premises after reasonable notice and if the Lessee fails to keep the premises in reasonably clean condition, the Lessor may clean the premises and charge the cost thereof to the Lessee. The business shall be conducted under the name of Newsome's Restaurant and Lounge or other trade names as selected by Lessee.

16. *Destruction of Premises.* In case the premises should be rendered wholly unfit for use by fire or other casualty, the Lessors shall repair said premises within a reasonable time, and no rent shall accrue from the date of such destruction until the premises are again ready for occupancy.

Where there is no ambiguity in a contract the interests of the parties involved are to be determined from the contract alone. *Sullivan & Watkins, Inc. v. Rauscher*, 684 S.W.2d 438, 439 (Mo.App. 1984). An ambiguity does not arise from a contract merely because the parties to that contract do not agree on how it is to be construed. *Merz v. First National Bank of Franklin County*, 682 S.W.2d 500, 502 (Mo.App.1984). The language of a contract is deemed ambiguous where it is susceptible to more than one meaning and where reasonable men may fairly differ as to

what that meaning is. *Id.* The meaning of an ambiguous contract is to be determined in regard to extrinsic circumstances. *Shell v. Shell*, 658 S.W.2d 439, 444 (Mo.App. 1982). Courts may look at the contract itself, any subsidiary agreements, the relationship between the parties, and the construction placed upon the contract by the parties themselves manifested by their own actions and deeds. *Tri–Lakes Newspapers, Inc. v. Logan*, 713 S.W.2d 891, 893 (Mo.App.1986).

■ The ambiguity present in the instant case concerns the duty of repairing the roof. Paragraph 8 of the lease and paragraph 16 both speak of the duty to repair but it is unclear as to where the duty of repairing the roof lies. The respondents had the duty of keeping the premises in good repair but appellants had a duty in the case where the premises should be rendered wholly unfit for use by fire or other casualty. In examining a contract for ambiguity the ordinary and usual meaning of the words is considered. *Satterfield v. Layton*, 669 S.W.2d 287, 288 (1984). Certainly there can be a reasonable difference of opinion as to what was meant.

■ The actions of the parties shed some light on the issue. The evidence, looked upon in a light most favorable to respondents, reveals a pattern of complaint by respondents and response by appellants. Appellant Carlton Ridley, Sr., testified that whenever a complaint was made about the roof, he would personally go over to look at it. He also personally made an effort to repair the roof and expended money for supplies used toward that purpose. Testimony from both respondents and the appellants' son support this pattern of complaint and repair.

■ A $10,000 security deposit was tendered to appellants from respondents pursuant to the lease. The return of the security deposit is dealt with in paragraph 5 of the lease which states:

> If upon the expiration or termination of this lease the premises are returned to the Lessor in the same condition as they were on November 1, 1982, normal wear excepted and Lessee are not in default on the monthly rentals, then the Ten Thousand and 00/100 Dollars ($10,000.00) security deposit may be returned to the Lessee after Lessor has had a reasonable time to inspect the premises after Lessee vacate same to determine possible damage. . . .

Respondents had not violated any of the terms of the lease which would result in their forfeiting of the deposit. Respondent Frank Newsome testified that the premises were cleaned when they left. Appellants contend that the respondents were not entitled to a return of their deposit because they were in default of their monthly payments. Respondents left in May, 1984 and were paid up through April of that year. What appellant fails to take into account is the doctrine of constructive eviction. Respondents met the requirements for constructive eviction and thus, were not in default.

A tenant's liability for rent is suspended if a constructive eviction by the landlord causes an abandonment of the premises. *Bryan v. Vaughn*, 579 S.W.2d 177, 180–181 (Mo.App.1979). A constructive eviction occurs, "when the lessor, by wrongful conduct or by the omission of a duty placed upon him in the lease, substantially interferes with the lessee's beneficial enjoyment of the demised premises." *King v. Moorehead*, 495 S.W.2d 65, 70 (Mo.App.1973). The evidence, when viewed in a light most favorable to respondents, clearly shows that the elements of constructive eviction have been met.

Appellants did not adequately repair the roof, which they had a duty to do. This led to a substantial interference of respondents' beneficial enjoyment of the premises. Erma Johnson, who was employed as a cook at the respondents' establishment, testified that the roof leaked every time that it rained. She observed leaks in the kitchen, dining room and bathroom. Respondent Janice Newsome testified as to complaints about the leaks made by the restaurant's customers. The evidence of the Health Department field supervisor also shows a substantial interference with the respondents enjoyment of the premises. The con-

ditions for constructive eviction are clearly met and thus, no default occurred. Accordingly, the trial court committed no error in overruling appellants' motion for a directed verdict. Point I is denied.

Appellants next contend that the submission of respondents' Instruction Number 8 and Number 12 to the jury was error.

■ Instruction No. 8 appears for the first time in Point II of the appellants' amended brief. This instruction, based upon *Hurwitz v. Kohm*, 594 S.W.2d 643 (Mo.App.1980), does not appear in the record on appeal nor within the text of the appellants' motion for judgment notwithstanding the verdict or in the alternative, motion for a new trial. There is no way to ascertain that the text of the instruction complained of and set out in the brief is the same as the instruction given at trial. Appellate review is limited to matters contained in the record. As neither the record on appeal nor the appellant's motion for judgment notwithstanding the verdict or in the alternative motion for a new trial contain the instruction, review in the instant case of instruction No. 8 would be inappropriate. *See State ex rel. Highway Commission v. Baumhoff*, 230 Mo.App. 1030, 93 S.W.2d 104 (1936).

Instruction No. 12 states:

Your verdict must be for the defendants if you believe:

First, plaintiffs did not adequately repair the roof, and

Second, because of such failure, plaintiffs' contract obligations were not performed, and

Third, defendants were thereby damaged.

Appellants again argue that this instruction was based on an assumed fact that was controverted throughout the trial. They contend that there was no evidence that appellants had a duty to maintain the roof.

Instruction No. 12 was based upon MAI 26.02, which is only applicable where there is no dispute concerning the terms of the agreement and the obligation to perform the agreement. The evidence showed that appellant had a duty to repair the roof. The evidence was uncontroverted in that both parties believed this to be true. Appellants responded to respondents' complaints and never looked to respondents for payment for these repairs or for performance of the repairs. Point II is denied.

Appellants' Point III is a re-hash of their earlier arguments. They contend that the trial court erred in overruling their motion for a directed verdict as to the respondents affirmative defense of constructive eviction because of the failure of respondents to make a prima facie case. This point has already been addressed earlier in this opinion with the conclusion that a prima facie case for constructive eviction had been made. Thus, there was no error on the part of the trial court and appellants' Point III is denied.

Finally, the appellants contend that the trial court erred in overruling their motion for judgment notwithstanding the verdict because the weight of the evidence did not factually or legally support the verdict. Appellants are quite correct in pointing out that in considering a judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party having the verdict and the case must not be withdrawn from the jury unless there is no chance for reasonable minds to differ. *Gregory v. Robinson*, 338 S.W.2d 88 (Mo. banc 1960). The grant of a judgment notwithstanding the verdict should only be made, however, where a submissible case has not been made. *McCulley v. State Farm Mut. Auto. Ins. Co.*, 668 S.W. 2d 121 (Mo.App.1984). The evidence clearly shows that a submissible case had been made in the instant case and thus, the denial of the motion for judgment notwithstanding the verdict was proper. Appellants' Point IV is denied. The judgment of the trial court is affirmed.

All concur.