WIGGINTON, Judge.
Appellant insurance company has appealed a final judgment entered in favor of appellee in a suit brought by the latter on a policy of automobile insurance issued' by appellant. The case was tried to the judge without a jury who entered his judgment containing findings of fact and conclusions of law. Appellant contends that the trial judge placed an incorrect construction upon the exclusionary clause of the insurance policy which resulted in the allegedly erroneous judgment appealed.
Appellant issued to appellee its policy containing a comprehensive coverage clause which reads as follows:
“To pay for loss caused other than by collision to the owned automobile or to a non-owned automobile. For the purpose of this coverage, breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed to be loss by collision.”
The above-quoted clause is made specifically subject to the following exclusion:
“This policy does not apply * * * (e) to damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered by this policy.”
*222 While the above-mentioned insurance policy was in full force and effect, appellee was driving' the automobile described in and covered by it in a westerly direction toward Pensacola. At a point about fifteen miles from the city, a passing motorist blinked the lights on his automobile indicating to appellee that there appeared to be something wrong with his car. A short time later appellee stopped at a filling station and when the hood of the car was raised, smoke poured out from beneath it. Appellee observed no flame at that time, and after water was poured on the engine the smoke subsided. The filling station attendant checked the oil and water in the motor but neither required replenishing. When the engine was again started, it apparently ran in a normal manner whereupon appellee proceeded on his journey toward Pensacola. After traveling eight or nine miles a warning light appeared on the dashboard of the car and appellee heard a clanking sound in his engine. Smoke again poured from beneath the hood as the engine stopped running, which smoke had the distinct odor of burning rubber or oil. Appellee’s automobile was towed into Pensacola where it was examined and the motor disassembled.
From the evidence it appears that the only damage sustained by the automobile was in the engine itself. The expert witnesses who testified in the case stated that from an inspection it was found that the thermostat controlling the cooling system was stuck closed, and they speculated that this could have caused the loss of water and overheating. A hole was discovered in the heater hose where it had rubbed against the transmission dip stick. This hole was large enough to have permitted all of the water in the cooling system to have been pumped out of the engine during the operation of the car. It was opined by one witness that the hole in the heater hose could have been burned by the hot transmission dip stick. The steel encased bearings in the engine were found to be discolored and frozen to the shafts with which they came in contact, and the aluminum pistons had melted to the point of liquefying and running out through the exhaust ports.
Appellee’s examination of the insulation on the spark plug wires revealed that they were not only soft and gummy but in places were pitted and blackened as if from fire. One of appellant’s expert witnesses who examined the motor testified that he saw evidence of smoke such as would be emitted from a car that had been on fire.
In the judgment rendered by the trial court it is specifically found that the damage done to appellee’s automobile was caused by fire which resulted from a mechanical breakdown or failure consisting of the stuck thermostat, which failure set into motion a chain reaction which caused the motor to burn up. The court found that the heat generated in the motor was not due to neglect of the appellee in keeping the water level at a proper height in the radiator, or to his neglect in maintaining the oil supply at the proper amount. In his conclusions of law, the trial judge construed the exclusionary clause of the policy to mean that where damage results from a mechanical failure, the exclusion applies only to the immediate result of such failure, but if a mechanical failure sets in motion a chain reaction which results in other damage, then such other damage is covered by the policy. The court concluded that the damage suffered by appellee to the engine of his automobile was initiated by the mechanical failure of the thermostat, which failure caused a fire which destroyed the engine of the car and for which loss the insurance company was obligated to compensate the appellee.
It is evident that the solution to the question involved in this case involves a construction of the exclusionary clause of the policy above quoted which provides that the insurance coverage does not include damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure. The key words *223 provoking this controversy are “due and confined.” Under the construction adopted by the trial judge it would follow that although the damage suffered by appellee was due to a mechanical failure in his car, the damage confined to that failure and excluded under the policy would only be the cost of replacing the defective thermostat. The judge found that the real and substantial damage suffered by appel-lee resulted from the chain of events precipitated by the thermostat failure which ultimately resulted in the motor burning to the extent that its usefulness was completely destroyed. Since the damages suffered by appellee were not “confined to” the defective thermostat, the trial judge concluded that they are not within the exclusionary clause of the policy.
 Appellant first contends that there is no evidence in the record to support the trial judge’s finding that the motor in ap-pellee’s automobile was damaged by fire. Appellant bases its argument in this regard on the failure of appellee to produce any eyewitness who could testify that he saw a flame in or around the motor of appellee’s car at any time. It is appellant’s position that unless the combustion resulted in a visible flame, then there could not be a fire within the meaning and intent of the policy. Our review of the record reveals facts from which the trial court could reasonably have concluded that the combustion occurring in and around the engine of appellee’s car was accompanied by a flame, smoke and an acrid odor which emitted from beneath the hood of the car when it was opened on each of two occasions. We are inclined to the view, however, that under the evidence shown by this record the presence of a visible flame was not necessary in order to establish that a fire had occurred which resulted in damage to the engine of appel-lee’s car.
Secondly, appellant urges that if the damage to the motor of appellee’s automobile was catised by a fire, then the fire was a friendly one of the type necessarily inherent in the normal operation of an internal combustion engine. It is appellant’s theory that any damage which results from fire which occurs within the engine of an automobile is necessarily caused by a mechanical failure and is therefore not compensable, even though the damage is so extensive as to ruin the motor and render it worthless. We are unable to agree with appellant’s argument in this regard.
We construe the exclusionary clause of the policy to mean that if a mechanical failure occurs in the insured vehicle, then any damages suffered by the insured which are directly due to that failure, and which are confined exclusively to that failure, are excluded from the insurance coverage. Such provision relieves the company from paying for the cost of parts or accessories which become damaged due to a mechanical failure in the part or accessory affected. We do not construe the policy provision to exclude from coverage damages suffered to the vehicle which, although traceable to a mechanical failure, are not confined to that failure. Such was the construction placed upon the insurance contract by the trial court in this case, which construction we find to be reasonable and free from error. Having reached this conclusion, it must be held that the judgment appealed be and it is affirmed.
CARROLL, DONALD K., J., concurs.
STURGIS, C. J., dissents.