178 So.2d 581 (1965)
FIREMAN'S FUND INSURANCE COMPANY, Petitioner,
v.
Robert D. CRAMER, Respondent.
No. 34064.
Supreme Court of Florida.
September 15, 1965.
William Fisher, Jr., of Fisher & Hepner, Pensacola, for petitioner.
Jack S. Graff, of Levin, Askew, Warfield, Levin & Graff, Pensacola, for respondent.
*582 PAUL D. BARNS, Justice (Ret.).
Upon petition for certiorari to review Fireman's Fund Insurance Company v. Cramer, Fla.App., 171 So.2d 220, certified by the District Court as presenting a question of great public interest, the writ is granted and the decision is quashed.
The petitioner-insurer was a defendant to an action based on an insurance policy indemnifying the respondent-plaintiff against loss under a "comprehensive" coverage of an automobile. Petitioner-insurer denied liability and at trial the court entered a judgment for the plaintiff. Upon appeal, the District Court affirmed. 171 So.2d 220.
The facts of the case are not in controversy and are fully set forth in the opinion of the District Court, which may be summarized as follows: While the plaintiff was driving his insured automobile, its thermostat stuck, causing the engine to overheat resulting in the pistons melting and the main bearing to "freeze" which completely destroyed the functional use of the engine. There is no evidence of any damage to the automobile, except to the engine, which the trial judge found to have "burned up".
The insurer's policy of indemnity issued to the insured providing for comprehensive coverage provided:
"`To pay for loss caused other than by collision to the owned automobile or to a non-owned automobile. For the purpose of this coverage, breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed to be loss by collision.'
"The above-quoted clause is made specifically subject to the following exclusion:
"`This policy does not apply * * * (e) to damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered by this policy.'"
The construction and interpretation of the "comprehensive clause" of such insurance policies is stated by Appleman in 5 Insurance Law and Practice, § 3222, p. 375, as follows:
"Most companies have now adopted the policy of writing what is termed `comprehensive' coverage, which is for the purpose of including all property damage to an automobile, other than mechanical breakdown, exclusive of collision losses. It includes all of the older coverages, herein separately discussed, such as fire, theft, damage caused from force of the elements, and, in addition, many new losses never before contemplated by any coverage whatever. It is a simple and convenient form of insurance, in that it eliminates any necessity of determining overlapping of fire and theft coverages, and when there is a question as to whether a loss is due to collision or other means, if the insured carries both collision and comprehensive, any debate becomes unnecessary, except as to the deductible provisions of the policy. * * *"
The exclusionary clause of the policy above quoted excluded certain loss from "loss by collision", but did not exclude such losses (fire, theft, etc.) from the comprehensive clause. It clearly appears that the "comprehensive coverage" covers losses occasioned by such causes as stated in the exclusionary clause, otherwise the "comprehensive coverage" would likely be completely non-comprehensive coverage, i.e., insurance against nothing.
The "comprehensive coverage" of the policy clearly covers losses occasioned by *583 fire, but there was no loss by fire; the loss appears to have been caused by "mechanical or electrical breakdown" and to have been confined thereto. If heat caused by the mechanical breakdown of the engine had resulted in damage by fire to other parts of the automobile, such fire damage would doubtless be within the comprehensive coverage.
Farmers Mutual Hail Insurance Company of Iowa v. Stansbury, 291 S.W.2d 347 (Tex.Civil App. 1956) involved an action on a standard form automobile insurance policy giving comprehensive coverage on a trailer and containing the identical exclusionary clause herein involved. Here, a trailer wheel came off its axle solely as the result of mechanical breakdown or failure, and the wheel and trailer then came together in such a manner that the wheel entered the trailer, causing damage to the interior thereof. The court held that the carrier was not responsible for the insured's loss:
"In view of the weight of authority upon the question posed, we are of the opinion that where no peril insured against has come into play causing or contributing to cause the breakdown or failure which in turn causes or contributes to a resultant loss;  or where the breakdown or failure is not followed or accompanied by the coming into play of a peril insured against which in turn causes or contributes to a resultant loss;  the loss and damage resulting from the breakdown or failure is not covered by the policy. This is true despite the provision in the `exclusion' that the only damage excluded is that `due and confined' to mechanical breakdown or failure."
We could go further to give our reasons for quashing the decision, but such would be a repetition of the dissent of Judge Sturgis (171 So.2d 220, 223). We will thus rest with approval of his reasoning and conclusions as therein expressed.
The decision affirming the trial court is quashed and the case remanded to the District Court for further proceedings not inconsistent herewith.
THORNAL, C.J., and DREW, CALDWELL and ERVIN, JJ., concur.