47 Cal.Rptr. 350]

## Appellate Department, Superior Court, Alameda

[Civ. No. 462. Oct. 28, 1965.]

KENNETH SACKETT et al., Plaintiffs and Appellants, v. FARMERS INSURANCE EXCHANGE, Defendant and Respondent.

Lawrence E. Mullally and John McCorkindale for Plaintiffs and Appellants.

Louis F. Schofield and E. Robert Cunningham for Defendant and Respondent.

WAGLER, P. J.—Plaintiffs have appealed from a judgment denying them recovery under a comprehensive clause in an insurance policy issued by the defendant on plaintiffs' automobile. The trial court made the following findings of fact:

"... that:

"1. On September 13, 1963, an attendant in an automobile service station at 27th and Broadway, Oakland, California, improperly fastened the radiator cap of plaintiffs' 1961 Oldsmobile Station Wagon, causing the water to boil out of the radiator resulting in damage to plaintiffs' automobile in the amount of THREE HUNDRED THIRTY SIX AND 56/100 DOLLARS ($336.56).

"2. At the time of these events plaintiffs' automobile was covered by a policy of insurance issued by defendant FARMERS INSURANCE EXCHANGE, which policy provided comprehensive insurance coverage under coverage (E) of said policy according to the following terms:

" 'PART IV

" 'COVERAGE (E) Comprehensive—To pay for loss to the described automobile or a non-owned automobile caused by any accidental means except collision of the automobile with another object, or upset of the automobile, less, for each separate loss, the deductible amount, if any, stated in the declarations applicable to this coverage. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, malicious mischief, riot or civil commotion, shall not be deemed loss caused by collision or upset;

" 'EXCLUSIONS UNDER PART IV

" 'This policy does not apply under Part IV: (1) to loss to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, except burning of wiring, unless such loss results from other loss covered by this policy;' "

From the foregoing facts, the court concluded that the loss and damage to plaintiffs' automobile was not within the comprehensive insurance coverage.

 The sole question presented by this appeal is whether the loss does or does not fall within the comprehensive insurance coverage afforded by the policy.

Although the policy does not define the term "accidental means," respondent concedes (and correctly, we believe,) "that coverage would be afforded under the comprehensive coverage" clause contained in Coverage (E), Part IV. In effect, this means that the loss was proximately caused by accident which was unexpected, unforeseen, and involuntary insofar as the assured was concerned. However, respondent contends "that the damage was mechanical breakdown and failure," and as such was excluded under Part IV, (1), as above set forth.

We do not agree. In *Espree* v. *Western Pioneer Ins. Co.,* 159 Cal.App.2d Supp. 875 [324 P.2d 749], the plaintiff sought to recover for damages allegedly covered by a collision and upset provision in defendant's policy. This court there held that a mechanical breakdown (shearing of the subframe and fracture of a hoist rod upon a dump truck), which was proximately caused by the upsetting of the truck, was not excluded by an identical "mechanical breakdown" exclusion clause.

As in *Espree,* we hold that the case at bench falls within the familiar rule that when a peril insured against is the proximate cause of a loss not directly insured against, the insurer will nevertheless be held liable. (Ins. Code, § 530. *Sabella* v. *Wisler,* 59 Cal.2d 21 [27 Cal.Rptr. 689, 377 P.2d 889]. See also cases collected in Annotations 160 A.L.R. 947; 166 A.L.R. 375, 382.)

The judgment is reversed. The trial court is directed to enter judgment for the plaintiffs in the sum of $336.56, together with costs.

Quayle, J., and Emerson, J., concurred.