280 So.2d 14 (1973)
LITTLE JUDY INDUSTRIES, INC., Appellant,
v.
FEDERAL INSURANCE CO., Appellee.
No. 73-11.
District Court of Appeal of Florida, Third District.
July 10, 1973.
Diaz-Asper, Katzen, Chulock & Thompson, South Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl and James Knight, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellant filed an action against the appellee seeking recovery under an insurance policy for damage to an insured aircraft, consisting of loss or destruction of an engine.
The complaint alleged: "That the repair and replacement of a certain temperature pressure regulator and engine oil cooler in the aircraft's number two engine was negligently and improperly completed and that as a result said engine overheated and failed internally during a test flight which took place on December 27, 1971, resulting in total loss of the engine."
The aircraft was insured by the appellee under an all-risk policy. The insurer rejected the plaintiff's claim for loss of the engine, on the basis of an exclusionary provision rendering the coverage inapplicable "to damage which is due and confined to wear and tear, deterioration, freezing, mechanical, structural or electrical breakdown or failure, unless such damage resulted from other damage covered by this policy."
In this case, in which it was established that the mechanical breakdown or failure of the engine was traceable to or the result of negligent work of a mechanic thereon, the trial court held the exclusionary provision was applicable, and granted summary *15 judgment in favor of the defendant insurer. The plaintiff appealed.
On consideration of the record, briefs and arguments of counsel we conclude the holding of the trial court was correct. It was shown that the loss was due to mechanical failure of the engine. The fact that the failure thereof was traceable to negligence in its repair or to improper repair or assembly of the engine did not make it other than a mechanical failure. In a great many, if not most instances the mechanical failure of an engine could be attributed to some act of commission by improper or negligent work thereon as occurred here, or to negligent omission to inspect and repair or replace parts where needed, or other neglect in the care of the machine. The exclusionary provision was properly held to be applicable in this instance. See Fireman's Fund Insurance Company v. Cramer, Fla. 1965, 178 So.2d 581.
Affirmed.