526 P.2d 800

**RUST TRACTOR COMPANY, a Delaware corporation, Plaintiff-Appellant,**

v.

**CONSOLIDATED CONSTRUCTORS, INC., a New Mexico corporation, Defendant-Appellee.**

No. 1276.

Court of Appeals of New Mexico.

Aug. 28, 1974.

Benjamin S. Eastburn, Farmington, for plaintiff-appellant.

John R. Cooney, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, James B. Cooney, P. A., Farmington, for defendant-appellee.

## OPINION

HENDLEY, Judge.

The claims in this case arise out of two separate lease transactions between plaintiff Rust, a Caterpillar tractor sales and leasing company, and defendant Consolidated, a construction firm.

The first transaction was the lease of a scraper for a period of three months. Approximately one month and nine days into the contract the scraper was accidentally submerged in a sewage lagoon. The next day Rust's employees removed the scraper and took it to the Rust yard. Rust repaired the scraper extensively, going beyond the damage done in the lagoon to prepare it for pending sale. Rust failed to notify Consolidated of the nature or extent of the repairs, or the fact that repairs were completed before the three-month termination date on the lease. Consolidated never again used the scraper.

Rust sent Consolidated an invoice showing full rental due for the second lease month. Consolidated tendered a check to Rust for $924.03 to cover only the nine days of actual use in the second month, with a letter stating that it would only pay that amount. Rust accepted the check and adjusted the Consolidated account to omit any additional charge for the month. Rust demanded no more rental until the initiation of this suit.

The second transaction occurred immediately after the incapacitation of the scraper. Consolidated leased a loader from Rust for two days at $100 per day. Incident to the contract Rust procured an "all risk" insurance policy to cover the use of the loader by Consolidated. At the end of the lease period, Consolidated was to "road" the loader back to the Rust yard. In route the engine broke down due to the negligent failure of Consolidated to maintain the proper oil level. The loader required extensive repair with prolonged down time. Rust made no insurance claim for the loss, nor did they notify Consolidated soon enough to make a claim within the claim period.

Three of the claims stated in Rust's complaint are relevant to this appeal: (1) rental on the scraper for the full three-month lease, (2) rental for loader down time, (3) damages for loader repair. Consolidated, in a counterclaim, alleged that the loader damage in Rust's claim three above, was covered by insurance, and Rust's failure to make a claim damaged Consolidated to the extent of the damage to the loader minus the deductible amount.

After trial without a jury, the court found for Consolidated on claims one and two and on the counterclaim. It found for Rust on claim three and allowed a setoff of Consolidated's counterclaim. Rust appeals. We affirm.

*Scraper Rental*

■ Rust first contends the trial court erroneously failed to award the remaining rental for the three-month lease period on the scraper. It argues that the trial court interpreted the lease agreement by reference to custom and usage while expressly refusing to find the agreement ambiguous. See Tipton v. Clower, 67 N.M. 388, 356 P.2d 46 (1960). Rust ignores, however, the alternative basis for the trial court's conclusion. By unchallenged findings of fact and conclusions of law, the trial court found that the parties terminated the lease as of the ninth day of the second month by Rust accepting the check and adjusting its accounts. Since Rust did not object, "[t]he court's findings and conclusions are . . . deemed true and controlling." Miller v. Connecticut General Life Insurance Co., 84 N.M. 321, 502 P.2d 1011 (Ct. App.1972). Rust's first contention is without merit, as is its claim for service charge and attorney's fees.

### Loader

■ Rust's two other contentions concern the loader lease. In the first of these, it argues that the trial court mistook the third claim in its complaint to be for loader rental, when in fact it was for loss of use incident to negligent damage. The trial court's "mistake" is understandable. The complaint states:

> "2. Defendant is justly indebted to Plaintiff on account of the rental of one (1) Caterpillar 988 Loader . . . leased from Plaintiff by Defendant and delivered to Defendant and for Defendant on open account at Plaintiff's principal place of business . . ., in the amount of $4,800.00. . . ."

Rust's requested Conclusion of Law number eight states: ". . . Plaintiff is entitled to rental in the amount of $100.00 per day for the time it was deprived of the use of the 988 Caterpillar Loader occasioned by Defendant's negligence." Rust cannot change its argument on appeal, much less its claim for relief. See § 21–2–1(20)(1), N.M.S.A.1953 (Repl.Vol.1970).

### Loader Insurance

Rust's final contention concerns insurance coverage on the loader damage. The court's finding of fact number fourteen states: "The loss and damage to the loader occasioned by its having run out of oil is not excluded by the terms of insurance policy under which Rust obtained insurance coverage on the loader." Rust challenges that finding.

■ The insurance policy ". . . insure[d] against all risks of direct physical loss or damage to the insured property from any external cause except as hereinafter excluded." The policy excluded ". . . [l]oss or damage due and confined to delay, wear and tear, rust, inherent vice, latent defect, extreme of temperature, mechanical breakdown or failure, and directly resulting therefrom unless fire or explosion ensues and then for the loss or damage by fire or explosion only. . . ."

Rust contends the loss was ". . . due and confined to . . . mechanical breakdown or failure . . .," and therefore not externally caused within the meaning of the policy.

Mechanical breakdown or failure can be the cause of loss or the effect of the loss itself. This insurance policy excludes losses ". . . due to . . . mechanical breakdown or failure. . . ." Thus mechanical breakdown is relevant only when it is a causative factor. The unchallenged facts in this case establish that negligent failure to maintain the oil level was the cause of the loss. Mechanical breakdown was merely the effect of the loss itself.

■■ Even assuming mechanical breakdown was a cause of the loss, the exclusion still does not apply. Where a risk insured against operates to subject the insured property to a risk not insured against, the loss is covered. Annotation, 160 A.L.R. 947 (1946); 7 Am.Jur.2d "Automobile Insurance", § 64 (1963); Terrien v. Pawtucket Mut. Fire Ins. Co., 96 N.H. 182, 71 A.2d 742 (1950); Sackett v. Farmers Insurance Exchange, 237 Cal.App.2d Supp. 899, 47 Cal.Rptr. 350 (1965). Compare Farmers Mutual Hail Ins. Co. of Iowa v. Stansbury, 291 S.W.2d 347 (Tex.Civ.App. 1956). In this case the negligent failure to maintain oil level is an "external cause" and is insured against. That negligent failure operated to subject the loader to mechanical breakdown which was excluded. The loss was covered.

The judgment is affirmed.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.