WENTWORTH, Judge.
Appellant seeks review of an order granting summary judgment in favor of appellee upon the issue of insurance coverage under the terms of an insurance contract. We reverse the order appealed.
Appellant owns a boat which was insured under a contract providing coverage
. .. against all risks of direct physical loss of or damage to the insured property from any external cause.. ..
The contract expressly excluded
. . . loss or damage caused by or resulting from any . . . mechanical or electrical breakdown or failure unless fire or other accident ensues and then only for the loss or damage by such ensuing fire or accident. .. .
While appellant’s boat was being started the engine exploded. Expert testimony indicates that the explosion was the result of a mechanical failure which allowed an excessive amount of fuel to enter the engine, and that when the starter was activated a spark ignited the excess fuel, thereby causing the explosion. The affidavit of a witness indicates that she “saw flames shoot out of the cockpit of the boat” and an “engine fire” at the time of the explosion.
On appeal from an order granting summary judgment the appellate court must draw every possible inference in favor of the party against whom summary judgment was entered. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977). Applying this rule, we conclude that the evidence in the present case establishes mechanical failure and damage by an ensuing fire or accident. In ruling to the contrary the trial court expressly relied on Fireman’s Fund Insurance Co. v. Cramer, 178 So.2d 581 (Fla.1965); we find that the lower court’s reliance on Cramer is misplaced. That case involved only the melt-down of a hot engine, in contrast to the rapid-combustion explosion in this case. The court in Cramer recognized that coverage would be extended “[i]f heat caused by the mechanical breakdown of the engine had resulted in damage by fire” or other insured peril. 178 So.2d 583. The qualification of the exclusionary clause in the present case clearly contemplates coverage as a loss “from any external cause” when “fire or other accident ensues” from mechanical failure such as the fuel accumulation here in question. This accords with the authorities recognized in the cited opinion which construe similar clauses to exclude loss “where the breakdown is not followed or accompanied by the coming into play of a peril insured against which in turn causes or contributes to a resultant loss,” supra at page 583.
The order appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
MILLS and THOMPSON, JJ., concur.