ASSOCIATED AVIATION
UNDERWRITERS, Appellant–Defendant,

v.

GEORGE KOCH SONS, INC.,
Appellee–Plaintiff.

No. 82A01–9901–CV–1.

Court of Appeals of Indiana.

June 22, 1999.

Mark D. Gerth, Kightlinger & Gray, Indianapolis, Indiana, Attorney for Appellant.

Danny E. Glass, Fine & Hatfield, Evansville, Indiana, Attorney for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Associated Aviation Underwriters (AAU) appeals from a declaratory judgment determining that AAU's "all-risks" insurance policy issued to George Koch Sons, Inc. (Koch) provided coverage for engine damage to Koch's aircraft.

We affirm.

### ISSUE

Whether the trial court's judgment determining that an "all-risk" policy issued by AAU provided coverage for Koch's property loss is clearly erroneous.

### FACTS

In 1993, Koch purchased a 1986 Cessna Citation S/II aircraft. Over a two-year period, the aircraft's instruments never indicated that either of the aircraft's two engines exceeded the maximum allowable temperature. However, in June of 1995, the pilot for Koch

began to notice that the right engine was running approximately five degrees hotter than the left. By September or October of 1995, the right engine was operating at 85 degrees hotter than the left engine.

In November of 1995, Koch was notified that the aircraft engine had "a badly cracked stator," that an "HT turbine wheel [ ] was damaged beyond use," and that there was "heavy rubbing on all of the blades." (R. 444, 448). It was reported to Koch that the engine damage resulted from an improperly installed high turbine seal ring that allowed excessive heat to escape.

At all relevant times, Koch had insurance on the aircraft under an "all-risk" policy issued by AAU. Koch submitted a claim under the policy, seeking compensation for the money it had spent to repair the engine damage. In a letter to Koch, the senior claims adjuster for AAU acknowledged that the damage sustained by the engine "resulted from the misinstalled high turbine seal ring," and that "[b]ecause the high turbine seal ring was misinstalled, it failed to perform its intended function." (R. 588). Nevertheless, the adjuster stated that AAU was denying the claim based on an exclusionary provision which precluded coverage for physical damage caused by (a) wear and tear, (b) deterioration, or (c) mechanical breakdown of equipment, components or accessories installed in the aircraft.

Thereafter, Koch filed a complaint for declaratory judgment seeking a determination that the policy issued by the defendant provided coverage for the damage to its aircraft engine. Following a bench trial, the trial court entered judgment in favor of Koch. The trial court determined that the damage to the engine was caused by the negligent installation of a seal ring in the engine during maintenance work on the aircraft and concluded that this peril was not excluded from coverage under AAU's "all-risk" policy.

## DECISION
### Standard of Review

At Koch's request, the trial court entered findings of fact and conclusions of law pursuant to Ind. Trial Rule 52(A). When the trial court makes requested findings of fact and conclusions of law under T.R. 52(A),

reversal is appropriate only where the judgment is clearly erroneous. *Mutchman v. Consolidation Coal Co.,* 666 N.E.2d 461, 465 (Ind.Ct.App.1996), *trans. denied.* A judgment is clearly erroneous when it is unsupported by the findings of fact and conclusions of law entered on those findings. *Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences to support them. *Bell v. Clark,* 670 N.E.2d 1290 (Ind.1996). In determining whether the findings are clearly erroneous, we neither judge the credibility of the witnesses nor reweigh the evidence, but consider only evidence and reasonable inferences that support the judgment. *Lawson v. Lawson,* 695 N.E.2d 154, 155–56 (Ind.Ct.App. 1998).

We initially note that we agree with the trial court's characterization of the policy at issue as an "all-risks" policy for physical damage subject to certain exclusions. Under "Coverage F" of the policy entitled "All Risk Basis," AAU was obligated "[t]o pay for any physical damage loss to the aircraft." (R. 18). An "all-risk" insurance policy extends coverage to risks not generally covered under other insurance policies. *Cavalier Group v. Strescon Industries, Inc.,* 782 F.Supp. 946, 954 (D.Del.1992). Such policies generally permit recovery for all fortuitous losses in the absence of fraud or misconduct of the insured, unless the policy contains a specific provision expressly excluding the loss from coverage. *Id.; Bd. of Educ. v. International Ins. Co.,* 292 Ill.App.3d 14, 225 Ill.Dec. 987, 684 N.E.2d 978, 981 (1997), *appeal denied,* 175 Ill.2d 523, 228 Ill.Dec. 716, 689 N.E.2d 1137; 13A George J. Couch, Couch on Insurance § 48:141 at 139 (M.S. Rhodes ed.1982); 43 Am.Jur.2d, Insurance § 505; Annotation, *Coverage Under All–Risk Insurance,* 30 A.L.R.5th 170 (1995). Therefore, we must determine whether the insurance policy at issue expressly excludes from coverage Koch's engine loss.

In the present case, the trial court found that the engine damage at issue was caused by the negligence of a third party, Cessna. Specifically, the trial court determined that Cessna improperly installed a seal ring in the engine during maintenance

work and that this ultimately resulted in engine damage over a two-year period. Notwithstanding AAU's assertion to the contrary, this finding is supported by the evidence. James Clifford, the aircraft mechanic in charge of the repairs made to the aircraft, testified that the mis-installation of the H.T. seal ring prevented the engine from operating as designed. Clifford indicated that the misplaced seal ring did not allow the components in the engine to expand and contract in the normal dimensional planes in which the manufacturer designed them to move. This caused the stator to warp and crack and caused damage to other engine components. The foregoing evidence reveals that Cessna was negligent in installing the H.T. seal ring, and that this negligent act set into motion the chain of events which caused the engine damage sustained by Koch. Therefore, the trial court's determination that the engine damage was the result of the negligence of a third party is not clearly erroneous.

■ Nevertheless, AAU claims that its policy contains a provision excluding coverage for the engine damage by pointing to the following exclusion:

> This policy does not apply: . . . to physical damage . . . *caused by and confined to* (a) wear and tear, (b) deterioration or (c) mechanical or electrical breakdown or failure of equipment, components or accessories installed in the aircraft unless such physical damage be coincident with and from the same cause as other loss covered by this policy.

(R. 19) (emphasis added).

In *Meridian Mut. Ins. v. Auto–Owners Ins.*, 698 N.E.2d 770 (Ind.1998), our supreme court set forth the following general principles of insurance policy interpretation:

> Ambiguous provisions in insurance policies are construed in favor of the insured. This is particularly true with unclear provisions that limit or exclude coverage. Where provisions limiting coverage are not clearly and plainly expressed, the policy will be construed most favorably to the insured, to further the policy's basic purpose of indemnity. This strict construal against the insurer is driven by the fact that the insurer drafts the policy and foists its terms upon the customer. The insur-

ance companies write the policies; we buy their forms or we do not buy insurance.

> When insurance policy language is clear and unambiguous, however, it should be given its plain and ordinary meaning. Under Indiana law, an insurance policy is unambiguous if reasonable persons cannot honestly differ as to the meaning of the policy language. One way of determining whether reasonable persons might differ is to see if the policy language is susceptible to more than one interpretation.

698 N.E.2d at 773 (quotations and citations omitted). With these general principles in mind, we turn to the merits of AAU's contention.

AAU argues that because the damage to the aircraft engine was caused by wear and tear and mechanical breakdown, the exclusion provision applies even though the negligence of a third party caused the wear and tear and mechanical breakdown.

Koch responds in part that wear and tear and mechanical breakdown were not the cause of the loss but the effect of a loss. Specifically, Koch argues that the evidence shows that the negligence of a third party was the cause of the engine damage and that the alleged mechanical breakdown and wear and tear were merely the result of this negligence. And, Koch reasons, because the negligence of a third party is the cause of the loss and not specifically excluded from coverage, the damage is covered under the all-risk policy.

In support of its contentions, Koch directs us to *Rust Tractor Company v. Consolidated Constructors, Inc.*, 86 N.M. 658, 526 P.2d 800 (App.1974). In *Rust Tractor*, Consolidated Constructors (lessee) leased a loader from Rust Tractor Company (lessor). Pursuant to the contract, lessor procured an all-risk insurance policy to cover the use of the loader by lessee. While in lessee's possession, the engine on the loader broke down due to the negligent failure of lessee to maintain the proper oil level. The loader required extensive repair. Lessor made no insurance claim for the loss but rather sued lessee, seeking damages for the loader repair. Lessee counterclaimed, alleging that the loader damage was covered by insurance and seeking set off

in the amount of the insurance. The trial court entered judgment in favor of lessee on the counterclaim, finding that "[t]he loss and damage to the loader occasioned by its having run out of oil is not excluded by the terms of the insurance policy under which [lessor] obtained insurance coverage on the loader." *Id.* at 802.

On appeal, lessor maintained that the damages to the loader were subject to a provision in the policy which excluded from coverage loss due and confined to mechanical breakdown or failure. The court rejected lessor's argument and held that the exclusion did not apply. *Id.* In so doing, the court stated that mechanical breakdown or failure can be the cause of loss or the *effect* of the loss itself. *Id.* Accordingly, the court found that mechanical breakdown is relevant only when it is a causative factor. *Id.* Because the unchallenged facts revealed that negligent failure to maintain the oil level was the cause of the loss, the court concluded that mechanical breakdown was merely the effect of the loss itself. *Id.* Moreover, the court stated as follows:

> Even assuming mechanical breakdown was a cause of the loss, the exclusion still does not apply. *Where a risk insured against operates to subject the insured property to a risk not insured against, the loss is covered.* In this case the negligent failure to maintain oil level is an 'external cause' and is insured against. That negligent failure operated to subject the loader to mechanical breakdown which was excluded. The loss was covered.

*Id.* (citations omitted)(emphasis added).

In *Connie's Const. Co., Inc. v. Continental Western Ins. Co.*, 227 N.W.2d 204 (Iowa 1975), also cited by Koch, the Iowa Supreme Court reached a similar result. In that case, the insured brought an action against the insurer, alleging coverage of damage to an insured truck crane. The crane was damaged while being used to lift steel decking during construction of a garage. The crane

cable broke, causing the load to fall and damage to the crane. The only evidence as to the cause of the accident was that the insured's employee had installed a cable on the crane too large for its spool. The trial court found the loss was covered and entered judgment for the insured. On appeal, insurer contended in part that insured's loss came within an exclusion which excluded from coverage loss or damage due and confined to mechanical breakdown or latent defect. In rejecting the insurer's contention, the court stated that the insured "mistakenly identifies the cause of the loss as the breaking of the cable rather than the act of [insured]'s employees in putting too long a cable on the crane." *Id.* at 207. In holding that the exclusion was inapplicable, the court concluded:

> 'Mechanical breakdown' means a functional defect in the moving parts of machinery which causes it to operate improperly or cease operating. *The mechanical breakdown was an effect and not the cause of plaintiff's loss.* The loss was due to the act of plaintiff's employees.

*Id.* (citations omitted)(emphasis added).[1]

The result reached in *Rust Tractor Company* and *Connie's Construction Co., Inc.* is in general accord with other jurisdictions that have applied a proximate cause analysis in determining coverage under insurance policies which contain clauses excluding certain risks or perils. The jurisdictions adopting this proximate cause analysis have observed the principle that "where an insured risk itself sets into operation a chain of causation in which the last step may have been an excepted risk, the excepted risk will not defeat recovery." *Villella v. Public Employees Mut. Ins. Co.*, 106 Wash.2d 806, 725 P.2d 957, 962 (1986); *Jussim v. Massachusetts Bay Ins. Co.*, 415 Mass. 24, 610 N.E.2d 954, 955 (1993)(*citing Standard Elec. Supply Co. v. Norfolk & Dedham Mut. Fire Ins. Co.*, 1 Mass.App.Ct. 762, 307 N.E.2d 11 (1973));

---

**1.** Other jurisdictions have also made the distinction between a cause of a loss and an effect of a loss. *See, i.e., Jussim v. Massachusetts Bay Ins. Co.*, 415 Mass. 24, 610 N.E.2d 954, 957 (1993)("where the excluded event is not the cause of the loss, but rather the result of a covered risk, the insured may recover."); *Betti-*

*gole v. American Employers Ins. Co.*, 30 Mass. App.Ct. 272, 567 N.E.2d 1259 (1991)(distinguishing between "an excluded event which causes a loss" and "a covered event which causes a loss in the form of an excluded event."), *review denied*, 409 Mass. 1104, 571 N.E.2d 28.

*Berry v. Commercial Union Ins. Co.,* 87 F.3d 387, 389 (9th Cir.1996)(applying California law); *Cavalier Group v. Strescon Industries, Inc.,* 782 F.Supp. 946 (D.Del.1992) (interpreting and applying Delaware law).[2]

■■■ We find this authority persuasive.[3] The exclusion provision at issue, viewed in the context of the entire policy, is not meant to apply regardless of any possible negligent antecedent occurrence which in turn causes the engine to sustain mechanical breakdown or abnormal wear and tear. This interpretation is consistent with the general principle that exclusions from insurance coverage are to be strictly construed and any ambiguities are to be resolved against the insurer in favor of the insured. *Meridian Mut. Ins.,* 698 N.E.2d at 773. The policy language does not clearly and unambiguously exclude coverage for third party negligence which sets into motion excluded perils. We find that mechanical breakdown or wear and tear can be either the *cause* of a loss or the *effect* of a loss. Thus, mechanical breakdown and wear and tear are relevant for purposes of the exclusion only if they are causative factors in the loss. Although excessive wear and tear or "mechanical breakdown" may have occurred as a result of the negligence of Cessna, it was the negligence (a covered peril) which was the cause of the loss for purposes of the exclusion. Therefore, the exclusion relied upon by AAU is not applicable.

■■■ In further support of this construction is the well-established principle that "where one construction of a contract would make it unusual and extraordinary, but another, equally consistent with the language, would make it reasonable, just, and fair, the latter construction must prevail." *Teitge v. Remy Const. Co., Inc.,* 526 N.E.2d 1008, 1012 (Ind.Ct.App.1988) (*citing Thomas v. Hennes,* 78 Ind.App. 275, 135 N.E. 392, 394 (1922)). Under the interpretation urged by AAU, where an excluded peril such as wear and tear ‧or mechanical breakdown operates to any extent in the chain of causation so that

the resulting loss would not have occurred but for the operation of the excluded peril, the insurer would have no obligation to provide coverage even though an insured peril such as negligence was the clear cause of the loss. The exclusion, as read by AAU, would erase many obvious losses that would be otherwise covered by an all-risk policy. After all, what damage to an aircraft engine would not, at least to some extent, be caused by or result from some "wear and tear" or a "mechanical breakdown?" Such a result cannot reasonably be said to have been envisioned by the parties.

In conclusion, the evidence in the record support the trial court's findings of fact, and these findings support the trial court's conclusions of law. Therefore, the trial court judgment determining that Koch was entitled to coverage for the engine damage to its aircraft was not clearly erroneous.

Affirmed.

SHARPNACK, C.J., and ROBB, J., concur.

■■■■■

**2.** See also 5 Appleman, Insurance Law and Practice § 3083 (1970) and 18 George J. Couch, Couch on Insurance § 74:709–711, at 1018–22 (2d Rev. Ed.1983).

**3.** We note that AAU directs us to *Little Judy Industries, Inc. v. Federal Insurance Company,*

280 So.2d 14 (Fla.App.1973), *cert. denied,* wherein the Florida Court of Appeals reached the opposite conclusion under an exclusion provision very similar to the one at issue. However, as AAU concedes, *Little Judy* represents the minority view on this issue. We decline to follow its reasoning.