This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

vs.                                             No. 31,855

KEITH RUSSELL JUDD,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
James F. Blackmer, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Keith Russell Judd
Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

    Defendant appeals the denial of his motion to withdraw his *Alford* plea. In our notice, we proposed to affirm the district court because Defendant had not established

that his plea was unknowing or involuntary. Defendant has timely responded. We have considered his arguments and finding them unpersuasive, we affirm.

In our notice, we pointed out that we will conclude that a district court has abused its discretion in refusing to allow withdrawal of a plea only if the undisputed facts establish that the plea was not knowingly and voluntarily given. *State v. Herrera,* 2001-NMCA-073, ¶ 7, 131 N.M. 22, 33 P.3d 22. We noted that Defendant's motion to withdraw his plea failed to establish that the plea was unknowing or involuntary. Instead, Defendant presented numerous reasons that the plea should be withdrawn: 1) it lacked a factual basis [SRP 1731]; 2) Defendant asserted actual innocence [SRP 1731]; 3) the sentence violated Defendant's right to a jury trial [SRP 1732]; 4) the charge itself was improper [SRP 1750, 1751]; 5) terms of the agreement had been breached [SRP 1734]; 6) the district court lacked jurisdiction because the crime occurred in Texas [SRP 1736]; and 7) his counsel could not stipulate to his competency and was ineffective. [SRP 1738, 1753]

None of these reasons present a basis to conclude that Defendant's plea was unknowing or involuntary. In his memorandum in response to our calendar notice, Defendant reiterates and argues these reasons as a basis for us to conclude that the district court erred in refusing to allow him to withdraw his plea. Again, they do not provide us a reason for holding that the district court abused its discretion.

2

Defendant does argue in his memorandum that his plea was not knowing and voluntary because there was evidence that he was not competent to stand trial. [MIO 23] However, it does not appear that Defendant made that argument to the district court in the first instance. Therefore, we will not consider it. *See In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (explaining that a reviewing court will not consider issues not raised in the district court); *Rust Tractor Co. v. Consol. Constructors, Inc.*, 86 N.M. 658, 660, 526 P.2d 800, 802 (Ct. App. 1974) (stating that a party cannot change his theory on appeal).

Based on the arguments that were made to the district court in support of the motion to withdraw the *Alford* plea, we conclude that the district court did not abuse its discretion. Therefore, for the reasons stated herein and in the notice of proposed disposition, we affirm the denial of Defendant's motion to withdraw his *Alford* plea.

**IT IS SO ORDERED**.

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

**CELIA FOY CASTILLO, Chief Judge**

_____

**CYNTHIA A. FRY, Judge**