This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38608**

**VIVIAN R. FRIETZE, as Trustee of the Jose V. Frietze & Vivian R. Frietze Family Trust,**

       Plaintiff-Appellant,

v.

**TERRIANE MORRISON EVERHART and BRETT MORRISON,**

       Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mary W. Rosner, District Judge**

G. Greg Valdez
Las Cruces, NM

for Appellant

Watson Smith, L.L.C.
Joshua L. Smith
Las Cruces, NM

for Appellees

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff Vivian R. Frietze appeals from a judgment in favor of Defendants Terriane Morrison Everhart and Brett Morrison following a bench trial on Plaintiff's claim that Defendants interfered with Plaintiff's exclusive easement rights. Because Plaintiff failed to adequately brief the relevant issue to support the relief she seeks on appeal,

*see State ex rel. Hum. Servs. Dep't v. Staples*, 1982-NMSC-099, ¶¶ 3, 5, 98 N.M. 540, 650 P.2d 824, we affirm.[1]

## DISCUSSION

**{2}** The district court's judgment effectively modified Plaintiff's exclusive easement into a nonexclusive easement to be shared by the parties. The district court based this judgment on two separate determinations: (1) Plaintiff abandoned the easement; and (2) Plaintiff overburdened the ingress-egress purpose of the easement. The latter determination suffices, standing alone, to support the district court's remedy. *See* Jon W. Bruce & James W. Ely, Jr., *The Law of Easements & Licenses in Land*, §§ 8:13, 8:17 (2022) (explaining that an easement is overburdened when the holder's use of the easement exceeds its intended purpose, and that courts "exercise discretion in fashioning equitable relief" to remedy such use).

**{3}** On appeal, Plaintiff only asks this Court to reverse the district court's determination that she abandoned the easement and to remand the case with an instruction to the district court to find that the easement is exclusive. Plaintiff's approach fails for a structural reason. To prevail on appeal, Plaintiff must—through adequate briefing—persuade this Court that *both* of the district court's determinations were incorrect. Plaintiff failed to do so; she does not challenge the determination that Plaintiff overburdened the easement. And when a trial court's findings of fact and conclusions of law are not challenged on appeal, they are "deemed true and controlling." *Rust Tractor Co. v. Consol. Constructors, Inc.*, 1974-NMCA-096, ¶ 7, 86 N.M. 658, 526 P.2d 800 (internal quotation marks and citation omitted). Accordingly, even if we were to accept Plaintiff's argument regarding abandonment, we would nevertheless affirm the district court's unchallenged conclusion that Plaintiff overburdened the easement—a conclusion that adequately supports the judgment. Because an appellate court should not reach issues that the parties have failed to raise in their briefs, *see Staples*, 1982-NMSC-099, ¶ 3, we must accept the district court's unchallenged determination that Plaintiff overburdened the easement and affirm the judgment on that basis.

## CONCLUSION

**{4}** We affirm.

**{5}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

---

[1] Our conclusion disposes of all Plaintiff's claims of error on appeal: (1) the district court improperly reversed the burden of proof onto Plaintiff to establish consideration for the amended easement; (2) the amended easement document was valid and provides an exclusive easement for the Frietzes; (3) the language of the amended easement document is unambiguous and thus extraneous evidence (Defendant's testimony) should have been excluded; and (4) the district court improperly reformed the amended easement document by altering the easement from exclusive to nonexclusive.

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**