This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40617**

**NEAL J. and CATHERINE A. VAN BERG,**

Protestants-Appellees,

v.

**NEW MEXICO TAXATION & REVENUE DEPARTMENT,**

Respondent-Appellant,

**IN THE MATTER OF THE PROTEST TO THE ASSESSMENT OF TAX ISSUED UNDER LETTER ID NO. L0988256688.**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Brian VanDenzen, Chief Administrative Hearing Officer**

Neal J. Van Berg
Catherine A. Van Berg
Taos, NM

Pro Se Appellees

Raúl Torrez, Attorney General
Richard Pener, Special Assistant Attorney General
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Respondent New Mexico Taxation and Revenue Department levied interest and a civil negligence penalty on Protestants Neal and Catherine Van Berg (Taxpayers) for

their untimely payment of their 2019 personal income taxes. Taxpayers filed a formal protest. The administrative hearing officer (AHO) affirmed the interest owed, but abated the civil penalty based on two alternative rationales. First, the AHO concluded that Taxpayers were "nonnegligent," pursuant to 3.1.11.11(B) NMAC. Second, the AHO concluded that even if Taxpayers did not technically meet the requirements of 3.1.11.11(B) NMAC, the AHO is "not limited to the specific, narrow language and examples contained in Regulation 3.1.11.11 NMAC," and that Taxpayers' inability to pay was not caused by negligence. The Department appeals the abatement of the civil penalty. Unpersuaded that reversible error occurred, we affirm based on the AHO's second rationale.

**DISCUSSION**

**{2}** Under our "a whole-record standard of review," we will set aside the AHO's decision only if it is "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." *Gemini Las Colinas, LLC v. N.M. Tax'n & Revenue Dep't*, 2023-NMCA-039, ¶ 11, 531 P.3d 622 (text only) (citation omitted); *accord* NMSA 1978, § 7-1-25(C) (2015). We review questions of statutory interpretation de novo. *Quantum Corp. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-050, ¶ 8, 125 N.M. 49, 956 P.2d 848.

**{3}** The Department's briefing on appeal narrows the issues before us. The Department devotes much of its briefing to arguments that attack only the AHO's first rationale: abatement under 3.1.11.11(B) NMAC. First, the Department argues that the AHO's finding that Taxpayers' illnesses were the cause of their inability to timely pay their taxes—a necessary nexus under the regulation—is not supported by substantial evidence. Second, the Department argues that the AHO's interpretation of 3.1.11.11(B) NMAC was "a marked departure from prior administrative decisions and orders," which created new tax policy in violation of NMSA 1978, Section 7-1B-7(A) (2015) and the separation of powers. The Department does not draw any connection between these two arguments and the AHO's second rationale: that 3.1.11.11 NMAC provides a nonexhaustive list of nonnegligence.[1] Because, as we will explain, the Department has not established that the AHO's second rationale is erroneous, we do not reach the merits of the Department's arguments challenging the AHO's first rationale. *See Rust Tractor Co. v. Consol. Constructors, Inc.*, 1974-NMCA-096, ¶ 7, 86 N.M. 658, 526 P.2d 800 (holding that the argument was "without merit" where an alternative basis for the trial court's conclusion was not challenged).

**{4}** The Department argues that the AHO's second rationale is legally flawed. According to the Department, the AHO should have read the abatement regulation at issue, 3.1.11.11 NMAC, in harmony with two other regulations, 3.1.11.9 NMAC and

---

[1]Even if we were to construe the Department's second argument as a challenge to the AHO's second rationale, we would not address the merits of that argument because it is not preserved. *See* Rule 12-321(A) NMRA; *accord* § 7-1-25(A) (limiting an appellant's appeal from an AHO's decision "to the same extent and upon the same theory as was asserted in the hearing before the hearing officer").

3.1.6.14 NMAC, and such a holistic reading leads to the conclusion that the AHO lacked the authority to abate Taxpayers' civil penalty based on their financial inability to pay.[2]

{5}     The AHO adhered to the rule that any interpretation of 3.1.11.11 NMAC must begin with the plain language of the regulation. *See Rodarte v. Presbyterian Ins. Co.*, 2016-NMCA-051, ¶ 21, 371 P.3d 1067. The AHO relied on the text of the regulation itself to support his conclusion that the regulation sets out a nonexhaustive list of situations in which a taxpayer might be deemed nonnegligent. Because the Department does not challenge the AHO's reading of the text of 3.1.11.11 NMAC, we presume that the AHO's reading is correct. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the [AHO] is correct, and the burden is on the appellant to clearly demonstrate that the [AHO] erred.").

{6}     The Department contends that even if the list in 3.1.11.11 NMAC is not exhaustive, two other regulations—3.1.11.9 NMAC and 3.1.6.14 NMAC—prohibit abatements based on "a taxpayer's financial inability to pay." We disagree. Although the Department is correct that if regulations "concern[] the same subject matter," they must be read in harmony, *Quantum Corp.*, 1998-NMCA-050, ¶ 8, we are not persuaded that the regulations relied on by the Department pertain to the subject matter here: abatement of civil penalties. The plain language of the regulations at issue appears to cut against the Department's position. Unlike 3.1.11.11 NMAC, which explicitly applies to the *abatement* of civil penalties, neither 3.1.11.9 NMAC nor 3.1.6.14 NMAC mentions abatement at all. Both regulations discuss a different topic: the scope of the Department's ability to "compromise" a civil penalty via "written closing agreement." *See* 3.1.11.9 NMAC; 3.1.6.14 NMAC. A closing agreement is a written agreement through which the secretary "compromise[s] the asserted liability for taxes" so long as the agreement "protects the interests of the state" and the attorney general approves it. NMSA 1978, § 7-1-20(A) (1995). Both 3.1.11.9 NMAC and 3.1.6.14 NMAC expressly prohibit the Department from entering into a closing agreement "because of the taxpayer's inability to pay." 3.1.11.9 NMAC; *accord* 3.1.6.14 NMAC. Once entered into, a closing agreement is "conclusive as to liability." Section 7-1-20(D). This is not the same as the abatement of a civil penalty through the process of administrative adjudication. To seek abatement, a taxpayer files a protest, *see* NMSA 1978, § 7-1-24(B) (2019, amended 2023), as Taxpayers did here, and an AHO holds a hearing and decides whether abatement is warranted. *See* NMSA 1978, § 7-1B-8(B)-(D), (I) (2019). That decision may entail a determination by the AHO as to whether a taxpayer was nonnegligent under 3.1.11.11 NMAC. The administrative adjudication process for abatement ends with an order issued by the AHO, which the parties may appeal. *See* § 7-1B-8(I); *accord* § 7-1-25. The Department has not pointed to anything in the text of the regulations themselves or in the pertinent statutes that would allow us to conclude that the regulatory limits on the authority of the Department to compromise a penalty via a closing agreement also limits an AHO's authority to abate a penalty via entry of an order

---

2The Department further argues that the AHO "effectively" granted equitable relief by abating the Taxpayers' penalty. This argument is unpreserved, *see* § 7-1-25, and the Department has not invoked an exception to the preservation rule. *See* Rule 12-321(B). We therefore decline to review the argument. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273.

in the adjudicatory process. Nor has the Department developed any other argument that the regulations relied on by the Department pertain to the same subject matter as the regulation relied on by the AHO here. We will not develop such an argument for the Department. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. Because the Department has not carried its burden of establishing that reversible error occurred, *see Corona*, 2014-NMCA-071, ¶ 26, we will not overturn the AHO's ruling.

**CONCLUSION**

**{7}**     We affirm.

**{8}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**