This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41331

**JUDITH R. GAINES, Personal Representative of the Estate of JOHN ROBERT GAINES, Deceased,**

Plaintiff-Appellant,

v.

**PRESBYTERIAN HEALTHCARE SERVICES and DANIEL B. FRIEDMAN, M.D.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Sandoval Firm
Richard A. Sandoval
Santa Fe, NM

for Appellant

Hinkle Shanor LLP
Mary Behm
Hari-Amrit Khalsa
Albuquerque, NM

Holland & Hart LLP
Larry J. Montano
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** As personal representative of Decedent John Gaines' wrongful death estate, Plaintiff Judith Gaines brought medical malpractice claims against Defendants Daniel Friedman, M.D. and Presbyterian Healthcare Services for wrongful death and lost chance. Pursuant to Rule 11-702 NMRA,[1] the district court excluded Plaintiff's sole expert witness for several reasons, including that her expert's testimony was contradictory and not credible and that her expert did not adequately establish causation. Defendants then moved for summary judgment, and the court granted the motion and dismissed Plaintiff's claims. Plaintiff appeals the order granting summary judgment. Unpersuaded that reversible error occurred, we affirm.

## DISCUSSION

**{2}** Reviewing the grant of Defendants' motion for summary judgment de novo, *see Acosta v. Shell W. Expl. & Prod., Inc.*, 2016-NMSC-012, ¶ 20, 370 P.3d 761, we recognize that "[s]ummary judgment is proper where no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law," *Carrillo v. My Way Holdings, LLC*, 2017-NMCA-024, ¶ 24, 389 P.3d 1087. As always, we start with the presumption that the district court was correct, and the appellant bears the burden of demonstrating error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. Of equal importance, we only correct errors if doing so will change the result reached by the district court. *See Morris v. Merchant*, 1967-NMSC-026, ¶ 24, 77 N.M. 411, 423 P.2d 606.

**{3}** We begin by explaining how our reading of the court's order granting summary judgment differs from Plaintiff's. Although we agree with Plaintiff that the court granted summary judgment because of "Plaintiff's lack of an expert witness," we disagree that this was its "sole basis," and instead believe that the court had an alternative reason. The court began its order by noting its rationales for excluding Dr. Steven Fisher—Plaintiff's expert—one of which was that Plaintiff failed to provide a "legally sufficient expert opinion." Based on our review of the entire record, Dr. Fisher's opinion is the only evidence in the record that Plaintiff could have relied on to establish that Defendants breached the standard of care. And, importantly, the court had previously concluded in its order denying Plaintiff's motion to reconsider that Dr. Fisher failed to adequately establish causation for Plaintiff's wrongful death and lost chance claims. We believe the district court was relying on the parts of the record we just highlighted when it explained, in its order granting summary judgment, that "[e]ven assuming all facts in favor of Plaintiff, along with the [c]ourt assuming that Defendants breached a duty of care, there is no evidence of damages and/or causation." In other words, we understand the court to have provided two alternative rationales for its conclusion that summary judgment

---

1Although Defendants presented several legal theories to justify excluding Plaintiff's expert testimony, and it is not readily apparent upon which theory the district court relied, the parties seemingly agree on appeal that the court did so under Rule 11-702.

was appropriate: (1) Dr. Fisher's testimony is inadmissible, and (2) even if Dr. Fisher's testimony were admissible, that testimony does not suffice to establish causation.

**{4}** Plaintiff's misreading of the order granting summary judgment is fatal to her appeal because she has not demonstrated that both rationales are erroneous. *See Rust Tractor Co. v. Consol. Constructors, Inc.*, 1974-NMCA-096, ¶ 7, 86 N.M. 658, 526 P.2d 800 (holding that an appellant's claim of error was "without merit" because the trial court offered two alternative rationales for its ruling, and appellant only challenged one of the two). She focuses almost exclusively on the first rationale—the inadmissibility of Dr. Fisher's testimony—arguing that the district court generally misapplied Rule 11-702 because it stepped into the jury's role by determining Dr. Fisher's testimony was contradictory and not credible. With respect to the second rationale, Plaintiff presents just one conclusory statement that, for her wrongful death claim, Dr. Fisher testified to causation.[2] As we will explain, her assertion fails to demonstrate error as to the second rationale, *see Farmers, Inc.*, 1990-NMSC-100, ¶ 8, and we therefore need not decide whether the court erred by excluding Dr. Fisher's testimony, *see Rust Tractor Co.*, 1974-NMCA-096, ¶ 7; *Morris*, 1967-NMSC-026, ¶ 24.

**{5}** Generally, a party bringing a medical malpractice claim must prove causation through expert medical testimony, *see Schmidt v. St. Joseph's Hosp.*, 1987-NMCA-046, ¶ 11, 105 N.M. 681, 736 P.2d 135; *Lopez v. Sw. Cmty. Health Servs.*, 1992-NMCA-040, ¶ 13, 114 N.M. 2, 833 P.2d 1183, but Plaintiff does not demonstrate that Dr. Fisher testified that Dr. Friedman's alleged negligence was a proximate cause of Decedent's death. Plaintiff offers only the assertion that Dr. Fisher's opinion was "that both the anesthesiologist and the cardiologist caused [Decedent]'s death." We do not believe the record supports this assertion. Dr. Fisher did not directly state, or even imply, that Dr. Friedman's alleged negligence was more likely than not the proximate cause of death. *See* UJI 13-304 NMRA (burden to prove essential elements of a claim by the greater weight of the evidence). In a written report, Dr. Fisher stated that Dr. Friedman was negligent because he failed to perform various cardiac tests with Decedent and that had Dr. Friedman performed the tests, he could have then "ma[de] recommendations as to the management of [Decedent] to improve the surgical outcome, including avoiding intra-operative hypotension and tachycardia." However, in his deposition, Dr. Fisher acknowledged that avoiding hypotension—low blood pressure—during the surgery might not have prevented the fatal complications that occurred during the surgery:

> [I]t's possible that [appropriately normalizing Decedent's blood pressure] would [have changed the outcome], but it's possible it would not have. . . . [T]he hypotension could've been corrected. *But whether that would've prevented myocardial infarction and the cardiogenic shock, we don't know*, because the things that increase the blood pressure also make the perfusion to the heart worse, so it's possible the blood pressure could've been corrected, but that would've aggravated the myocardial ischemic

---

2Plaintiff presents no argument whatsoever regarding her lost chance claim, and we therefore presume the district court was correct on this issue. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

infarction. . . . *The outcome could've been worse even though the blood pressure was corrected. So it could've gone either way.*

(Emphasis added.) In short, the record supports the district court's conclusion that Dr. Fisher's testimony did not suffice to establish causation, even if it was admissible, and we therefore affirm the district court's summary judgment ruling.

**CONCLUSION**

**{6}**    We affirm.

**{7}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**